[S. F. No. 20965. In Bank. June 12, 1962.]

FIBREBOARD PAPER PRODUCTS CORPORATION, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and JAMES MORALES, Respondents.

Brobeck, Phleger & Harrison and Rinaldo Sciaroni, Jr., for Petitioner.

Everett A. Corten, Emily B. Johnson, Rupert A. Pedrin, Short & Short and Sylvia L. Short for Respondents.

TRAYNOR, J.—Applicant Morales suffered four injuries to his back in the course of his employment with petitioner. A referee awarded compensation. A panel of the commission, however, reformulated the factors of permanent disability and obtained a disability rating from its permanent disability rating bureau, which it served on the parties. It then revised the referee's apportionment of disability among the four injuries. The panel granted petitioner's request for a hearing to cross-examine the rating expert and present evidence rebut-

ting his recommendation and assigned the matter to a referee. The referee, however, not only permitted cross-examination and rebuttal evidence, but admitted a medical report submitted by petitioner on the extent of applicant's disability. He also permitted applicant to testify in rebuttal to that report. The case was then again submitted for decision. The referee returned the record to the panel for its decision.

In its decision awarding compensation the panel stated that it gave "no consideration to the medical report of Elton G. Welke dated July 10, 1961, since it was submitted subsequent to the submission of this case at the hearing held for the sole purpose of cross-examination of the rating specialist.[1] . . . The Panel does not feel that it must consider medical evidence offered at the time of cross-examination of the rating specialist although it may do so if it wishes." Petitioner contends that although the referee could have excluded Dr. Welke's report as not within the scope of the hearing held to test the rating expert's recommendation (*Allied Compensation Ins. Co.* v. *Industrial Acc. Com., ante,* pp. 115, 121 [17 Cal.Rptr. 817, 367 P.2d 409]), he admitted the report in evidence and it therefore became a proper part of the record that the panel was obliged to consider.

 The commission contends that the report did not become a proper part of the record on the grounds that Panel One assigned the case to the referee for the limited purpose of conducting a hearing for cross-examination of the rating expert and presentation of evidence in rebuttal to his recommendation, that this evidence was not relevant to that purpose, and that the referee therefore could not admit it. The commission's own rules of practice and procedure, however, refute that contention. Rule 10774 provides: "Further hearings will not be granted except: (1) By order of the commission, a panel, commissioner *or referee,* made in the exercise of sound

[1]The original hearing was held before a referee. The case was submitted for decision, subject to the filing of written evidence and rebuttal. The referee secured a recommended rating from the permanent disability rating bureau and held a hearing for cross-examination of the rating expert. The case was again submitted for decision. The referee filed his decision and Panel One granted reconsideration after securing another recommended rating from the permanent disability rating bureau. The panel granted a hearing for cross-examination of the rating expert and ordered the case returned to the calendar for this purpose. The evidence in question was admitted at this hearing and the case was then finally submitted for decision. This evidence was therefore offered to and accepted by the referee before final submission of the case.

discretion; and (2) Upon showing of good cause." (Cal. Admin. Code, tit. 8, rule 10774; italics added.) Rule 10852 provides: "Any order, decision, or award . . . may be issued by the commissioner *or referee* to whom the case has been assigned for hearing or other disposition, except those *expressly reserved* for issuance by the commission, a panel, or a commissioner, *by law or rules of the commission.*" (Cal. Admin. Code, tit. 8, rule 10852; italics added.) Rule 9746 provides: "Findings, orders, decisions, and awards which appear over the signature of a commissioner *or referee* shall be the findings, orders, decisions, and awards of the commission, except in those cases otherwise *expressly provided by law or the rules of the commission.*" (Cal. Admin. Code, tit. 8, rule 9746; italics added.) Labor Code section 115 provides: "Every finding, order, decision, or award made and filed by any commissioner *or referee* pursuant to such investigation, inquiry or hearing is the finding, order, decision, or award of the commission unless reconsideration is had. . . ." (Italics added.)

Not only is there no law or rule that expressly reserves to the commission or a panel the decision whether to grant a further hearing, but rule 10774 expressly authorizes a referee to make that decision. He can, of course, exercise this power only in cases that have been "assigned [to him] for hearing or other disposition." (Rule 10852, *supra.*)

The contention that in granting a further hearing for a stated purpose and assigning a referee to hold that hearing a panel necessarily restricts the power of the referee to grant further hearings on other issues is thus without support in the statutes or the rules of the commission. In the exercise of its rule-making power (Lab. Code, § 5307) the commission undoubtedly could provide that a referee's powers should be subject to restriction by the panel under these circumstances, but it has not done so. On the contrary, its rules provide that a referee has the same powers with respect to the granting of further hearings as the commission, a panel thereof, or an individual commissioner (Rule 10774, *supra*).

Panel One could have granted a further hearing to consider Dr. Welke's report and applicant's rebuttal testimony. Had it conducted the cross-examination hearing itself it could have admitted the report and rebuttal testimony, for the power to grant a further hearing to take additional evidence necessarily includes the power to admit additional evidence. The referee to whom the case was assigned had

the same power to admit the report and rebuttal testimony as the panel would have had if it had conducted the hearing. The referee exercised this power, and the report and rebuttal testimony became a proper part of the record, as the panel conceded in stating that it could consider the report if it wished to do so.

The panel was obliged ''to achieve a substantial understanding of the record,'' including this evidence. (*Allied Compensation Ins. Co.* v. *Industrial Acc. Com., supra,* p. 120.) It could not achieve a substantial understanding of the record when it refused to consider a proper part thereof.

The award is annulled and the case remanded for further proceedings consistent with this opinion.

Gibson, C. J., Schauer, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.

The petition of respondent Industrial Accident Commission for a rehearing was denied July 11, 1962.