McCOY, J. pro tem.
 
 *
 

 In this proceeding an applicant for workmen’s compensation seeks review and annulment of an order of the Workmen’s Compensation Appeals Board which denied her claim and allowed only reimbursement of medical-legal costs.
 

 Applicant, a public health nurse, was employed as a school nurse by the Bassett Unified School District. In her application for workmen’s compensation she alleged that she suffered disability as the result of contracting herpes zoster through exposure to ehickenpox in the course of employment from September 13, 1965, to October 8, 1965. The referee found to this effect and awarded compensation. The appeals board granted respondents’ petition for reconsideration, vacated the findings and award, and issued the order denying benefits (except for the reimbursement of medical-legal costs) based on a finding that applicant did not sustain industrial injury.
 

 
 *28
 
 The applicant contends that, in finding that the applicant did not sustain an industrial injury, the board disregarded the substantial evidence to the contrary. In its opinion and order granting reconsideration the board states that there is merit in defendants’ contention “that there is no evidence of exposure of the applicant to an infectious or contagious disease.” In answer to the petition before us the board contends that there is some evidence to support the finding. We do not reach the question of the sufficiency of the evidence. For the reason set forth below we have concluded that the appeals board has not made a complete examination of the record and, therefore, its findings and order must be annulled and the matter remanded for further proceedings.
 

 In its decision after reconsideration the appeals board, pursuant to Labor Code, section 5908.5, did not comment on the evidence but stated as the reason for its decision
 
 [1]
 
 that it found merit in the contention of respondents “that there is no evidence of exposure of the applicant to an infectious or contagious disease.” Our review of the record shows that there is substantial evidence on this issue and no reason appears to justify its exclusion from consideration.
 

 There is uncontradicted medical evidence from more than one source to the effect that herpes zoster and ehickenpox are infectious diseases communicable by direct contact and that they occur from exposure to the same virus or a virus so similar that they can be cross-infected. Applicant testified that it was her duty as school nurse to observe and care for students who were ill or injured and it was her responsibility to exclude from classes those whom she found to have symptoms of communicable diseases. As a registered nurse with bachelor of science and master of arts degrees and a certificate in public health nursing, she was trained for this work and had been employed by the school district in the performance of such work for more than nine years. She testified that .during the period alleged in her claim she came in contact with some 18 to 20 students at six different schools who had skin eruptions which in her opinion were symptoms of ehickenpox. She testified to the identifying characteristics of ehickenpox and distinguished them from those of other con
 
 *29
 
 ditions such as hives, flea bites, bedbug bites, impetigo, and poison ivy and poison oak. In the course of her testimony she described the symptoms exhibited by one child whom she observed on September 13, 1965. Dr. Ascher, a qualified doctor of medicine, was present and heard the applicant’s testimony. He testified that it was his opinion based on reasonable medical probability that, from the symptoms described, the child had chickenpox. His testimony regarding the characteristics of chickenpox was similar to that of applicant. There was also competent medical opinion, based on the history of exposures given by applicant, that she did, in fact, contract herpes zoster as a result of the exposures. There is no evidence to the contrary.
 

 The appeals board is required to make an independent examination of the record when, as here, it rejects the findings and recommendations of the referee; the obligation of its members is to achieve a substantial understanding of the record.
 
 (Allied Comp. Ins. Co.
 
 v.
 
 Industrial Acc. Com.,
 
 57 Cal.2d 115, 119-120 [17 Cal.Rptr. 817, 367 P.2d 409], and authorities cited therein.) The board could not have achieved a substantial understanding of the record without reviewing the evidence on the issue of exposure.
 
 (Fibreboard Paper etc. Corp.
 
 v.
 
 Industrial Acc. Com.,
 
 57 Cal.2d 844, 848 [22 Cal.Rptr. 489, 372 P.2d 321].) While the board may disbelieve the testimony of any witness, it may not disregard that testimony and hold, in effect, that there is no such evidence.
 

 Applicant also urges that, by the 1965 amendments to the Labor Code which eliminated the Industrial Accident Commission and transferred its judicial functions to the appeals board, the Legislature has limited the jurisdiction of the appeals board on reconsideration to that of an appellate tribunal. She contends that the appeals board may not reweigh the evidence but must affirm the decision of the referee if there is substantial evidence in the record in support of it. We find no expression in the code to this effect. No amendment, other than the substitution of the board for the commission, was made in the provisions which direct the actions to be taken on a petition for reconsideration. (Lab. Code, §§ 5906, 5907, 5908, 5908.5.) It appears that the appeals board, as its predecessor, may follow the established rule and may make a factual determination contrary to that of a referee upon an independent examination of the record.
 
 (Montyk
 
 v.
 
 Workmen’s Comp. Appeals Board,
 
 245 Cal.App.2d 334, 335 [53 Cal.Rptr. 848];
 
 Allied Comp. Ins. Co.
 
 v.
 
 Indus
 
 
 *30
 

 trial Acc. Com., supra,
 
 57 Cal.2d 115, 119-120.) In light of the requirements of a fair hearing as set forth in the last cited ease (pp. 119-120), we likewise find no merit in applicant’s further contention that minimum due process and equal protection of the law require the board to hear a petition for reconsideration in the presence of counsel.
 

 The findings and order of the appeals board are annulled and the case is remanded for further proceedings consistent with this opinion.
 

 Kaus, P. J., and Hufstedler, J., concurred.
 

 *
 

 Assigned by the Chairman of the Judicial Council.
 

 [1]
 

 Labor Code, section 5908.5, provides: “Any decision of the appeals board granting or denying a petition for reconsideration or affirming, rescinding, altering, or amending the original findings, order, decision, or award following reconsideration shall be made by the appeals board and not by a referee and shall be in writing, signed by a majority of the appeals board members assigned thereto, and shall state the evidence relied upon and specify in detail the reasons for the decision.”