[Civ. No. 11392. Third Dist. Sept. 30, 1966.]

MICHAEL MONTYK, Petitioner, v. WORKMEN'S COM-
PENSATION APPEALS BOARD and AMERICAN
BUILDING MAINTENANCE COMPANY, Respondents.

Simeon S. Reibin for Petitioner.

Everett A. Corten, Rupert A. Pedrin, Sedgwick, Detert,
Moran & Arnold and Gordon S. Keith for Respondents.

FRIEDMAN, J. — Petitioner Montyk was employed by American Building Maintenance Company as a janitor. Upon his application for workmen's compensation benefits, the referee found that petitioner had sustained a hernia as the result of repeated work strains up to April 2, 1965, which is the last day petitioner worked prior to undergoing surgery. On April 5, 1965, petitioner underwent surgery by his own doctor. The referee awarded him temporary disability and the expense of self-procured medical care incurred after April 2, including the cost of the surgery. The award of medical expense was premised on the referee's conclusion that on April 2 petitioner had told his supervisors of the coming surgery and they had not instructed him not to go to his own doctor.

The Workmen's Compensation Appeals Board granted reconsideration and made the following finding: ''Applicant is not entitled to reimbursement for his self-procured medical expenses inasmuch as applicant arbitrarily refused proffered medical treatment by defendant.'' Accordingly, the appeals board eliminated the award for self-procured care but sustained the temporary disability award. Petitioner was issued a writ for the purpose of reviewing the appeals board's denial of the cost of self-procured medical care.

The only question before us is whether the appeals board finding is supported by substantial evidence. Petitioner urges an additional issue—existence of substantial evidence to support the referee's finding. The latter is no longer at issue. The appeals board may make a factual determination contrary to that of the referee although the testimony is conflicting. (*National Auto. & Cas. Ins. Co.* v. *Industrial Acc. Com.*, 34 Cal.2d 20, 28-29 [206 P.2d 841] ; see also *Allied Comp. Ins. Co.* v. *Industrial Acc. Com.*, 57 Cal.2d 115, 119 [17 Cal.Rptr. 817, 367 P.2d 409].) Where, as permitted by Labor Code section 5315, the appeals board has set aside the referee's decision and made its own finding based upon independent examination of the record, the decision presented for judicial review is not that of the referee, but that of the appeals board. This court's reviewing authority now extends to the latter order only. (See Lab. Code, § 5952.)

Petitioner's ability to speak English is limited, and he testified through an interpreter. According to his own testimony, he first visited doctors of his own choosing on March 22, 1965, then told his foreman about the pain. The foreman told him to see Dr. Ankele, the company's doctor. He did not go to this doctor because he thought he might lose his job. On April 2 he

told the foreman he was going into surgery on April 5. The foreman was "very unhappy" because petitioner was going to his own doctor. According to petitioner the foreman said: "If you cannot work, then go and have surgery." Asked why he did not go to the company doctor, petitioner replied through the interpreter: "Because our family doctor directed me to this doctor, and respecting the family doctor, I could not change."

Mr. Sanders, the foreman, testified that when petitioner first complained of pain, he told him to see Dr. Ankele and gave him the doctor's name and address. When petitioner returned to work the next working day, Sanders asked him if he had been to the doctor and petitioner responded in the affirmative, saying that the doctor had told him to return in 10 days. Approximately 10 days later petitioner told Sanders he was going to the hospital for surgery. Sanders called in a supervisor, Mr. Peryea, and they asked petitioner why he did not go to the company doctor. Petitioner shrugged his shoulders. George Meyer, the employer's branch manager, testified that he talked by phone to petitioner on April 2; petitioner stated he was sick but said nothing about a work-incurred pain or injury.

Labor Code section 4600 provides in part: "In the case of [the employer's] neglect or refusal seasonably to do so, the employer is liable for the reasonable expense incurred by or on behalf of the employee in providing treatment." An employee may make his own selection of a physician at the expense of the employer only where the latter has neglected or refused to furnish the necessary medical care. (*Healy* v. *Industrial Acc. Com.*, 41 Cal.2d 118, 120-121 [258 P.2d 1].)

Petitioner relies upon *Myers* v. *Industrial Acc. Com.*, 191 Cal. 673, 679-680 [218 P. 11], which declares that the employer's consent to self-procured medical treatment may be inferred from inaction. The inference is certainly appropriate, but only in connection with facts justifying the inference. There is no fixed rule requiring that the employer vociferously prohibit recourse to self-procured treatment; nor any rule establishing an inflexible criterion for a tender of medical care. Whether or not the employer has consented to self-procured medical treatment is a matter for factual determination in relationship to the body of evidence in the individual case. Here the appeals board found that the employer had proffered medical treatment. That finding was based upon the evidence before the board. Other decisions, whether involving

the grant or denial of the cost of self-procured treatment, turn on their own individualized facts. Reviewing courts cannot upset decisions of the appeals board based upon such individualized facts if such decisions are supported by substantial evidence. The reviewing courts' authority not only begins but also ends with the ascertainment of substantial evidence. (*Douglas Aircraft, Inc.* v. *Industrial Acc. Com.*, 47 Cal.2d 903, 905 [306 P.2d 425].) Here there is no evidence at all that the employer neglected or refused to provide medical care. There is evidence that (notwithstanding a language barrier) the employer was definitely successful in communicating awareness of the availability of medical care to the employee, who rejected that care for reasons of his own. At that point judicial inquiry ends.

The award of the appeals board is affirmed.

Pierce, P. J., and Regan, J., concurred.