[S. F. No 22612. In Bank. Oct. 4, 1968.]

ERIK H. LUNDBERG, Petitioner, v. WORKMEN'S COM-
PENSATION APPEALS BOARD, F. S. HUYCK
CONSTRUCTION CO. et al., Respondents.

Levy, DeRoy, Geffner & Van Bourg and Gerald J. Tiernan for Petitioner.

Everett A. Corten, Richard Swanson, Rupert A. Pedrin, T. Groezinger, Loton Wells, G. K. Bogue and Arthur C. Jones, Jr., for Respondents.

PETERS, J.—Petitioner seeks annulment of an order of the Workmen's Compensation Appeals Board upon reconsideration that he did not suffer his back injury in the course of his employment.

On June 27, 1967, petitioner, while working as a carpenter, developed back pain. He did not recall any specific accident or other incident causing the injury. He was lifting 2 x 10 inch studs which were 20 to 22 feet long, and the work was heavier than usual. The pain continued in his back and leg, and on July 5, he left work and consulted Dr. Portello. He told the doctor that his back and leg condition developed as a result of his work but did not describe any particular incident Dr. Portello placed him in the hospital, and a myelogram was performed which indicated a herniated intervertebral disc at the L4-5 interspace. On July 21, 1967, Dr. Portello removed the ruptured disc. He filed an industrial report of injury. (See Lab. Code, § 6407.)

Petitioner had commenced work for F. S. Huyck Construction Company on May 8, 1967. Previously, he was self-employed for a year and a half, handling bar supplies which was light work. Prior to that time and since 1942 he had been employed as a carpenter. He had strained his back in 1949, but he had recovered fully and had no further symptoms in his back until June 1967. At the time of injury he was 58 years old.

Neither of the two doctors who furnished reports gave an unequivocal opinion as to the cause of the ruptured disc. Dr. Portello merely repeated in his report the statements made by petitioner to him as to industrial causation. He did not say anything as to the cause of the ruptured disc.

Dr Haldeman in his report stated that on the basis of 1952 medical reports it was clear that the ruptured disc could not be charged in any way to the 1949 injury. He further stated: "I do not know what caused the 4th lumbar intervertebral disc to rupture. It is possible that his work activity between 5-8-67 and the onset of symptoms on 6-27-67 was responsible for this rupture but it is equally possible that the rupture would have occurred had he not been working at all."

The referee found that petitioner suffered an injury to his low back arising out of and in the course of his employment, that the injury resulted in total temporary disability, and that he was entitled to reimbursement for medical treatment less a lien to a hospital.

Upon reconsideration the board stated that Dr. Portello

expresses no opinion as to the cause of injury and that Dr. Haldeman states that it is possible that applicant's work activity caused the injury but equally possible that this would have occurred had he not been working at all. The board concluded: "We are of the opinion that the applicant has not met his burden of proof to establish that his injury was industrially caused." The board denied reimbursement for the medical treatment and temporary disability benefits.

 The employee bears the burden of proving that his injury was sustained in the course of employment. (*Pacific Emp. Ins. Co.* v. *Industrial Acc. Com.*, 19 Cal.2d 622, 628 [122 P.2d 570, 141 A.L.R. 798]; *Peter Kiewit Sons* v. *Industrial Acc. Com.*, 234 Cal.App.2d 831, 838 [44 Cal.Rptr. 813]; *Associated Indem. Corp.* v. *Industrial Acc. Com.*, 120 Cal.App.2d 423, 426 [261 P.2d 25]; *Liberty Mut. Ins. Co.* v. *Industrial Acc. Com.*, 73 Cal.App.2d 555, 559 [166 P.2d 908]; *Rich* v. *Industrial Acc. Com.*, 36 Cal.App.2d 628, 630 [98 P.2d 249]; *Singlaub* v. *Industrial Acc. Com.*, 87 Cal.App. 324, 331 [262 P. 411].)

 The established legislative policy is that the Workmen's Compensation Act must be liberally construed in the employee's favor (Lab. Code, § 3202), and all reasonable doubts as to whether an injury arose out of employment are to be resolved in favor of the employee. (*Lumbermen's Mut. Cas. Co.* v. *Industrial Acc. Com.*, 29 Cal.2d 492, 496 [175 P.2d 823]; *Truck Ins. Exchange* v. *Industrial Acc. Com.*, 27 Cal.2d 813, 816 [167 P.2d 705]; *Pacific Emp. Ins. Co.* v. *Industrial Acc. Com.*, 26 Cal.2d 286, 289 [158 P.2d 9, 159 A.L.R. 313].) This rule is binding on the board and on this court.

 Where the evidence shows that over a period of time an employee engaged in substantial lifting work, that while engaged in such work he developed back pain symptomatic of a ruptured disc, and that such work could cause a ruptured disc, and where there is no evidence of other injury or that there was a preexisting back injury, the plain inference is that the lifting in the course of employment resulted in a continuous cumulative traumatic injury and that the employment was, at least a contributing factor in the injury. (Cf. *Fruehauf Corp.* v. *Workmen's Comp. App. Bd.*, 68 Cal.2d 569, 574 [68 Cal.Rptr. 164, 440 P.2d 236].) When there is no conflicting evidence and the inference is undisputed, the board in furtherance of the legislative command of liberal construction in favor of the workingman must find industrial causation.

The evidence is undisputed that the symptoms arose while the employee was engaged in work involving lifting of materials which were unusually heavy, and that, although petitioner had suffered a prior back injury many years earlier, that injury was unrelated to the subsequent condition. There is no evidence of any other activities which might have caused the injury.

When the undisputed evidence with regard to the manifestation of symptoms is viewed together with the expert medical evidence, there is a plain inference of industrial causation. Although Dr. Haldeman stated that he did not know what caused the disc to rupture, he recognized that the work could have caused it. In the absence of any evidence of other cause, his position is entirely consistent with and furthers the inference of industrial causation. Dr Haldeman's further statement that it was equally possible that the rupture would have occurred had petitioner not worked at all is at most neutral and may even be viewed as meaning only that petitioner's disc might have ruptured from other trauma as easily as from the trauma associated with work. In other words, the equal possibility may not relate to causation in fact. Dr. Portello did not state any opinion as to causation.[1]

It should be stressed that where the undisputed evidence points towards an industrial injury had the board any doubts as to the cause of the injury, it has the means to resolve those doubts. Upon the filing of a petition for reconsideration the board may direct the taking of additional evidence (Lab. Code, § 5906), and the board is given power to direct any employee claiming compensation to be examined by a physician (Lab. Code, § 5701). In the instant case, the board did not follow this procedure and attempt to resolve any doubts it may have had with respect to the inference of industrial causation. Instead it determined in the absence of any supporting evidence to reject the inference of industrial causation, and this it may not do.

There is another point involved. The board in any decision on reconsideration altering or amending an order or award is required to state the evidence relied upon and specify in detail the reasons for that decision in order to assist the reviewing court in ascertaining the principles relied upon by the board, to help the board avoid careless or arbi-

---

[1]Since the award must be annulled, it is unnecessary to consider petitioner's contention that by filing the industrial report of injury, Dr Portello indicated an opinion of industrial causation.

trary action, and to make the right of review meaningful. (Lab. Code, § 5908.5; *Evans* v. *Workmen's Comp. App. Bd.,* 68 Cal.2d 753, 755 [68 Cal.Rptr. 825, 441 P.2d 633].) ■ There is grave doubt that the board has complied with this requirement. The board has failed to point in its decision to any valid basis for rejecting the inference of industrial causation arising from the undisputed facts and Dr. Haldeman's report. The doctors' reports referred to by the board do not rebut the inference; to the contrary they are in accord with and further the inference of causation. The board has failed to set forth the undisputed evidence that the symptoms occurred when petitioner was engaged in the kind of work which could cause the injury, and has failed to furnish any reason to ignore it. (*Wilhelm* v. *Workmen's Comp. App. Bd.,* 255 Cal. App.2d 30, 32 [62 Cal.Rptr. 829].)

The order of the Workmen's Compensation Appeals Board is annulled.

Traynor, C. J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

McCOMB, J.—I dissent. I would affirm the judgment.

The petition of the respondent board for a rehearing was denied October 30, 1968. McComb, J., was of the opinion that the petition should be granted.