[Civ. No. 1535. Fifth Dist. Dec. 20, 1971.]

DALE ADAMS, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
TRI DAM CONSTRUCTORS et al., Respondents.

216

COUNSEL

Levy & Van Bourg and N. Michael Rucka for Petitioner.

Fermin J. Ramos, Mullen & Filippi, William J. O'Neil, Jr., Hanna & Brophy and Donald V. Mitchell for Respondents.

OPINION

GARGANO, J.—Petitioner seeks a review of the opinion and order of the Workmen's Compensation Appeals Board (hereafter referred to as "the board") denying reconsideration of the referee's findings and award rejecting petitioner's contention that he sustained a noise-induced injury in the course of his employment and disallowing his claim for workmen's compensation benefits. ■ The gravamen of petitioner's argument is that both the referee and the board ignored the salutary principle that an employee is entitled to be compensated for any loss of earning power resulting from a prophylactic restriction brought about by an injury sustained in the course of employment. (*State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 59 Cal.2d 45, 53 [27 Cal.Rptr. 702, 377 P.2d 902]; *Luchini* v. *Workmen's Comp. App. Bd.*, 7 Cal.App.3d 141, 144 [86 Cal.Rptr. 453].)

Petitioner was employed as a miner and tunnel worker since early 1953, and it is undisputed that his work exposed him to "significantly high noise levels." It is also undisputed that an ISO-calibrated audiogram revealed that petitioner registered a hearing loss. In addition, in the only medical report filed with the referee, Dr. Charles P. Lebo stated that petitioner had incurred measurable ear trauma resulting in "early noise-induced inner ear damage" and a subclinical high-frequency hearing loss; he was of the opinion that the condition was permanent and untreatable and that it was medically advisable that petitioner be retrained for work which he could accomplish under quiet environmental conditions. Because Dr. Lebo also stated that petitioner had not sustained a ratable injury, and because his report indicated that the injury occurred despite the use of ear plugs, in

the report on the petition for reconsideration, the referee found that petitioner's ear condition was due to an "innate sensitivity;" he opined that the "employee could only be rated upon a description to the effect that he should not now and should not in the past have been working in tunnels."

■ An employee who seeks workmen's compensation benefits has the burden of proving that he sustained an injury in the course of his employment. ■ The workmen's compensation law of this state must be liberally construed, and all reasonable doubts must be resolved in favor of the employee. (Lab. Code, § 3202.) ■ While the determination as to whether an employee has sustained a compensable industrial injury is the prerogative of the board, its decision disallowing an award must be supported by substantial evidence. (*Le Vesque* v. *Workmen's Comp. App. Bd.*, 1 Cal.3d 627 [83 Cal.Rptr. 208, 463 P.2d 432].) The decision of the board cannot be based on inferences which are at best speculative and conjectural. (*Garza* v. *Workmen's Comp. App. Bd.*, 3 Cal.3d 312 [90 Cal.Rptr. 355, 475 P.2d 451]; *Rushing* v. *Workmen's Comp. App. Bd.*, 15 Cal.App.3d 517 [96 Cal.Rptr. 756].)

■ Petitioner was not given the benefit of all reasonable doubts, and the board's decision denying his petition for reconsideration is not supported by substantial evidence. Dr. Lebo's report states that petitioner sustained measurable ear trauma resulting in a subclinical hearing loss and that the condition is permanent and untreatable. Further, when the report is considered in light of the undisputed fact that petitioner was employed as a tunnel worker for almost 15 years and that his work subjected him to "significantly high noise levels," it allows the reasonable inference that the ear trouble was caused by the employment. And, while the injury to the inner ear may of itself have been slight and unratable, according to the standards prescribed by the Permanent Disability Rating Bureau, it resulted in a prophylactic restriction which impaired his ability to compete in the open labor market in an occupation in which he had gained a large measure of expertise through years of training and experience. ■ As Mr. Justice Kingsley profoundly observed in *Luchini* v. *Workmen's Comp. App. Bd., supra,* 7 Cal.App.3d 141, 144: ". . . there may be compensable permanent disability even where there has been no loss of a member of the body or loss of its function; there is compensable permanent disability to the extent that an industrial injury causes a decrease in earning capacity or in the ability to compete in the open labor market and it is the nature of the disability and not the anatomical part of the body to which the injury was inflicted which must be considered in computing compensation."

We have considered carefully the implications which logically flow from

the referee's report on petitioner's petition for reconsideration to the effect that an employee is not entitled to be compensated for a prophylactic restriction unless the injury he sustains is of itself ratable according to the standards prescribed by the Permanent Disability Rating Bureau. As we have demonstrated, the *Luchini* rationale does not rest on the extent of the injury itself. It expounds the enlightened viewpoint that an employee must be compensated for any diminution of his earning capacity resulting from a prophylactic restriction brought about by any injury sustained in the course of employment, no matter how slight or unratable that injury may be, if the restriction is imposed to prevent further injury or physical impairment. A contrary holding would mean that if A, a trained and experienced welder, sustained a serious eye injury in the course of his employment, he would be entitled to disability compensation for any loss of earning power resulting from the injury and from any prophylactic restriction imposed to prevent further injury. Yet, if B, also a trained and experienced welder, in the course of his employment, incurred a relatively minor eye injury which made him susceptible to further injury and possible blindness if he continued to work as a welder, he would have to change his occupation without any compensation for loss of earning power or run the risk of further injury and even blindness. To paraphrase the words of Justice Tobriner in *Le Vesque* v. *Workmen's Comp. App. Bd., supra,* 1 Cal.3d 627, 640, no employee should be faced with such a "grisly choice."

In rebuttal, respondents argue that Dr. Lebo's report supports the referee's conclusion that the petitioner's ear problem is congenital or anatomical. They rely on the proposition that prophylactic restrictions are compensable only if they are caused by *some* industrial injury, not some pre-existing physiological susceptibility.

Respondent's reliance is misplaced. Dr. Lebo's report is reasonably susceptible to several interpretations. The doctor stated, for example, that petitioner had sustained measurable ear trauma and that his inner ear damage was noise induced. His report also indicated that he may have discounted heredity, illnesses, head injuries and the use of "ototoxic" drugs as a cause. Because Dr. Lebo's report is susceptible to several interpretations, some favorable and others unfavorable to petitioner's position, the referee (and the board) should have given petitioner the benefit of the doubt, or called Dr. Lebo to testify to clarify the issue, or required petitioner to subject himself to an examination by another physician. (*Rushing* v. *Workmen's Comp. App. Bd., supra,* 15 Cal.App.3d 517; Lab. Code, § 5701.)

The decision of the appeals board is annulled, and the cause is remanded for further proceedings consistent with the views expressed herein.

Stone, P. J., and Brown (G. A.), J., concurred.