[Civ. No. 65810. Second Dist., Div. Two. Dec. 13, 1982.]

REPUBLIC INDEMNITY COMPANY OF AMERICA, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
MELVIN DICKENS, Respondents.

COUNSEL

Schummer & Barton and Terence L. Rolbin for Petitioner.

Stoll, Nussbaum & Williams and Bruce Lee Williams for Respondents.

OPINION

**COMPTON, J.**—In this case the workers' compensation trial judge denied applicant's claim for benefits on the grounds that the applicant's intoxication was a substantial factor in the accident which resulted in his injury.[1]

---

[1]Labor Code section 3600 provides in part: "Liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person except as provided in Section 3706, shall, without regard to negligence, exist against an employer for any injury sustained by his employees arising out of and in the course of the employment and for the death of any employee if the injury proximately causes death, in those cases where the following conditions of compensation concur: . . . (d) *Where the injury is not caused by the intoxication of the injured employee.*" (Italics added.)

The Workers' Compensation Appeals Board (Board) granted reconsideration and in its opinion, order and decision after reconsideration opined that the defendant employer had "not met its burden of establishing that the injury was caused by applicant's intoxication." The Board then remanded the matter to the trial level for decision on the "remaining issues." We granted employer's petition for a writ of review.

■ In reviewing the decision of the Board we must determine only whether the Board's decision is supported by substantial evidence. However, that determination must be made on the basis of the entire record "rather than by simply isolating evidence which supports the board and ignoring other relevant facts of record which rebut or explain that evidence." (*Garza* v. *Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 312 at p. 317 [90 Cal.Rptr. 355, 475 P.2d 451].)

When the trial judge's decision is supported by a preponderance of the evidence, the Board should give to it great weight and reject it only on the basis of contrary evidence which is of considerable substantiality. (*Garza* v. *Workmen's Comp. Appeals Bd.*, *supra*; *Greenberg* v. *Workmen's Comp. Appeals Bd.* (1974) 37 Cal.App.3d 792 [112 Cal.Rptr. 626].)

Further, we, as part of our review of the entire record, consider matters judicially noticed as being of common knowledge as well as the reasonableness and fairness of the Board's decision in light of the purposes and objectives of the workers' compensation law. (*Universal City Studios, Inc.* v. *Workers' Comp. Appeals Bd.* (1979) 99 Cal.App.3d 647 [160 Cal.Rptr. 597].)

■ As we will point out the decision of the trial judge who heard the evidence first hand and observed the witnesses, was based on overwhelming evidence. The Board, however, on the basis of that same evidence and after impliedly accepting the trial judge's determination of the credibility of the witnesses, rejected the trial judge's decision.

Hence the Board's decision failed to accord any weight to the trial judge's decision and was itself unsupported by any contrary evidence of substantiality. In summary, the Board's decision amounts to nothing more than an artificial interpretation of the evidence which totally ignores reality and human experience.

### THE FACTS

Applicant was employed by Cedars Sinai Medical Center (employer) for approximately four years before the accident upon which his claim for workers' compensation is based. His job was described as "lead technician" in the decontamination area which apparently involved essentially janitorial work.

On the day of the accident applicant, while engaged in his duties, slipped and fell on the floor of the work area which floor is described as smooth cement.

After the applicant's fall he was taken to the emergency room on the employer's premises where he was examined by a Dr. Brill, an independent contractor who was in charge of the emergency room. Dr. Brill detected an odor of alcohol on the applicant's breath, accompanied by slurred speech and uncoordinated eye movement. Dr. Brill diagnosed applicant as severely intoxicated and ordered a blood alcohol test. The result of that test was that the applicant had a blood alcohol level of .429.

According to Dr. Brill, applicant was not suffering from any head injury but was in fact a chronic alcoholic, which explained the fact that he could tolerate such a high blood alcohol level without being rendered comatose.[2] In Dr. Brill's opinion, applicant was impaired in his ability to function, including walking.

No one saw the applicant fall. Witnesses for the applicant testified that the floor on the decontamination area was always wet and that applicant did not appear to them to be intoxicated before the fall. One witness, however, who was working very near to applicant and on the same surface did not fall. Applicant testified simply that he slipped and fell, that he had *nothing* to drink that day and was not under the influence of alcohol.

At this juncture neither the applicant nor the Board challenge the results of the blood alcohol test. In fact both the Board in its opinion and the applicant in his brief impliedly concede that the applicant was intoxicated.

That concession carries with it the admission that the only witness to the accident—the applicant himself—testified falsely when he denied having anything to drink. It follows from that bit of false testimony that applicant's entire testimony including his assertion that his intoxication had nothing to do with the accident is to be mistrusted.

## DISCUSSION

Reduced to its simplest terms this case involves a severely intoxicated individual working in an area and under circumstances familiar to him who, without being pushed, shoved or interfered with in any way, falls to the floor in such a manner as to injure himself. A sober individual working nearby under

[2]The widely accepted data concerning the effects of alcohol are contained in a chart in 3 Lawyers Medical Cyclopedia of Personal Injuries and Allied Specialties, revised, section 24.6, page 470. That chart shows that a blood alcohol level of .35 produces coma.

identical circumstances does not fall. The intoxicated individual then denies that he had *anything* to drink.

The effect of alcohol, especially the amount of alcohol which must be consumed to produce a .429 blood alcohol level on an individual's reaction, coordination and muscular control is a matter of common knowledge. No reasonable person, under the above set of circumstances, could reach any conclusion other than that the intoxication was a substantial factor in causing the individual to fall and injure himself.

The Legislature, on the basis of extensive research into the problem, has determined and statutorily established that a blood alcohol level as low as .10 has such an effect on an individual's coordination and control that he or she is incapable of safely operating a motor vehicle. It requires no legislative pronouncement to establish that a blood alcohol over 400 percent higher will substantially impair an individual's ability to stand and walk in a normal fashion. (Compare *Smith* v. *Workers' Comp. Appeals Bd.* (1981) 123 Cal.App.3d 763 [176 Cal.Rptr. 843] where the court concluded that a blood alcohol of .25 percent was sufficient evidence to establish that intoxication was a substantial factor in causing an individual to drive an automobile off the road.)

■ We acknowledge that generally the fact of intoxication standing alone is not a sufficient basis for denying workers' compensation benefits. There must be proof by the employer that the intoxication was a substantial factor in causing the injury. (*Smith* v. *Workers' Comp. Appeals Bd., supra.*)

Further, we recognize that there are many types of industrial accidents in which the sobriety or lack thereof on the part of the worker would be irrelevant.

■ On the other hand, in the case of a slip and fall such as the one at bench or any accident not involving external trauma or force but involving only the reactions, coordination or muscular control of the applicant, intoxication which substantially impairs those functions must necessarily be viewed as a substantial factor in causing the accident.

The spirit and purpose of the workers' compensation scheme is to impose on the employer, as a cost of doing business, the duty to compensate employees for industrial injury regardless of fault on either side. This relieves the employee of the necessity of proving misconduct on the part of the employer and lack of contributory or comparative negligence on the part of the employee. The law is designed to protect the worker from the economic hardships of industrial injury.

That purpose is not served by compensating an employee for self-inflicted injury simply because the injury is sustained on the employer's premises. (Lab. Code, § 3600.) An injury caused by the employee's voluntary intoxication is viewed as self-inflicted.

The Board's decision in the instant case cannot be squared with the objectives of the law. Where an employee claiming to be sober simply falls to the ground and injures himself and the employer establishes that the employee in fact has a blood alcohol of .429, and that such a level of blood alcohol would substantially impair the employee's ability to stand and walk, what more can be reasonably required of the employer? In our opinion, nothing.

The decision of the appeals board is annulled and the case remanded to the board for proceedings consistent with the views expressed herein.

Roth, P. J., and Beach, J., concurred.