7/18/14  Opn after rehearing

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LEOPOLDO BENAVIDES, | B251487 |
| Petitioner, | (W.C.A.B. No. ADJ4322447) |
| v. | |
| WORKERS' COMPENSATION APPEALS BOARD et al., | |
| Respondents. | |

PROCEEDING to review a decision of the Workers' Compensation Appeals Board.  Annulled and remanded with directions.

Law Offices of Daniel Anaya and Daniel Anaya for Petitioner.

No appearance by Respondent workers' Compensation Appeals Board.

Graves & Bourassa and James R. Beckman for Respondent Specialty Risk Services.

_____

## INTRODUCTION

Leopoldo Benavides and his employer's workers' compensation insurance carrier agreed in a stipulated award that Benavides was injured in the course and scope of his employment leaving him 51 percent permanently disabled.

Following a timely petition to reopen, the workers' compensation judge (WCJ) found Benavides to be 72 percent permanently disabled, based on a report prepared by the agreed medical evaluator (AME) subsequent to entry of the stipulated award. The Workers' Compensation Appeals Board (appeals board), on a two-to-one vote, rescinded the disability rating. The majority concluded there was not good cause to reopen the case because the AME's new report relied on an abnormal electromyography (EMG) test that was performed before the stipulated judgment was entered, but which the AME had failed to review.

We granted Benavides's petition for a writ of review. We conclude there was good cause to reopen the case and therefore annul the decision of the appeals board and remand with directions to reinstate the WCJ's award of a 72 percent disability rating.

## FACTS AND PROCEDURAL BACKGROUND

Benavides worked as a roofer. On February 7, 2005, while working on an angled roof, he lost his footing and fell a distance of about 12 feet. The fall fractured his right ankle and injured his back. Paramedics were summoned, and Benavides was transported to the hospital by ambulance.

On April 12, 2007, the AME, orthopedic surgeon Roger S. Sohn, M.D., examined Benavides and issued a report. Dr. Sohn found Benavides's lumbar spine had a compression fracture and his right ankle had residual weakness. Based on the spine injury, Dr. Sohn applied a category IV diagnosis-related estimate (DRE), which translated to a 21 percent whole person impairment for Benavides's spine.

On May 9, 2008, Benavides was seen for an EMG evaluation of the bilateral lower extremities. At the time of the examination, Benavides had complained of radiating back and hip pain, weakness in the arms and legs, and difficulty walking due to pain. The EMG produced an "Abnormal Study," and findings "consistent with chronic left L5 radiculopathy"—nerve pain and weakness in the spine. The EMG found no evidence of "active lumbar radiculopathy . . . in the bilateral lower extremities" or "entrapment neuropathy . . . at any level in bilateral extremities."

On July 23, 2008, a stipulated award was entered reflecting the parties' agreement that Benavides's injury had left him 51 percent permanently disabled.

On February 8, 2010, Benavides filed a petition to reopen, alleging his condition had worsened and that his disability exceeded the rating provided by the July 23, 2008 stipulated award. On April 27, 2011, the WCJ granted Benavides's petition.

Dr. Sohn evaluated Benavides again on August 20, 2010. In his report, Dr. Sohn took note of the May 9, 2008 EMG findings, but he did not comment on the evaluation or attach any significance to its findings. The report stated Benavides had sustained another work-related injury on May 16, 2008, when he fell off a ladder and broke his right femur. Dr. Sohn concluded Benavides' condition was unchanged "with respect to his prior [February 7, 2005] injury."

Dr. Sohn examined Benavides again on December 28, 2010, and issued a new report increasing Benavides's whole person impairment rating to 30 percent for the spine. This time, Dr. Sohn opined that Benavides had impairment secondary to the fractured femur and "increasing impairment" of the spine. In a subsequent deposition, Dr. Sohn explained that he changed his opinion based on the May 9, 2008 EMG finding, which he stated "automatically boost[ed]" Benavides's DRE to a category V under the American Medical Association guidelines. Under further questioning, Dr. Sohn acknowledged that the EMG finding confirmed the decline in Benavides's condition had occurred before the stipulated award was entered on July 23, 2008.

The case proceeded to trial on July 9, 2012. The WCJ issued a decision finding that Benavides had not sustained a new and further disability following that award.

3

Benavides filed a petition for reconsideration and the WCJ vacated his initial finding and decision. In his new findings and decision, the WCJ explained that Dr. Sohn now rated Benavides as more disabled than the July 23, 2008 stipulated award reflected, and Benavides should therefore be rated as 72 percent permanently disabled.

A two-to-one majority of the appeals board disagreed. The majority found that Benavides had not sustained a "new and further disability" as required under Labor Code[1] section 5410, because the decline in Benavides's condition occurred before entry of the award. The majority also concluded that "good cause" to reopen the case under section 5803 was not established, because there was nothing "in the record to suggest that [Benavides] was unable to send the EMG study to Dr. Sohn before the award was issued." In that regard, the majority noted that Benavides had not shown why the new evidence could not have been discovered and produced at a hearing held prior to the July 23, 2008 award.

The dissent focused on the fact that Dr. Sohn had written his pre-award report of April 12, 2007 without requesting an EMG. Addressing the majority's good cause determination, the dissent explained that, when the EMG was performed, "apparently at the request of one of [Benavides's] treating physicians," "[Dr. Sohn] had already completed his reporting, so the parties had no reason to believe that he needed any additional information." Setting aside the parties' understandable conduct, the dissent observed that Dr. Sohn "should have requested an EMG and waited for the results before expressing an opinion on spinal impairment." Because Dr. Sohn failed to do so, however, "[t]he WCJ approved the parties' settlement, unaware of the fact that an EMG was in existence that demonstrated that [Benavides's] spinal condition was significantly worse than previously believed." The dissent concluded there was good cause to reopen the case, because, "[a]s a result of this mistake, the parties' settlement agreement was inequitable."

---

[1]    All further statutory references are to the Labor Code.

## DISCUSSION

Section 5803 accords the appeals board continuing jurisdiction to rescind or revise its awards, "upon good cause shown."[2]  Such cause may consist of newly discovered evidence previously unavailable, a change in the law, *or* "any factor or circumstance unknown at the time the original award or order was made which renders the previous findings and award 'inequitable.' " (*LeBoeuf v. Workers' Comp. Appeals Bd*. (1983) 34 Cal.3d 234, 241-242 (*LeBoeuf*).)  More specifically, an award based upon a stipulation may be reopened or rescinded if the "stipulation has been 'entered into through inadvertence, excusable neglect, fraud, mistake of fact or law, . . . or where special circumstances exist rendering it unjust to enforce the stipulation.' " (*Huston v. Workers' Comp. Appeals Bd*. (1979) 95 Cal.App.3d 856, 865-866 (*Huston*).)

The instant case was settled by a stipulated award, the "distinguishing feature" of which is "the parties retained the right to reopen the case on a showing of a change of disability." (*Draper v. Workers' Comp. Appeals Bd.* (1983) 147 Cal.App.3d 502, 507.) "If the stipulation does not adequately reflect the disability of the applicant, it should not be accepted by the workers' compensation judge as the basis for his or her award." (*Ibid.*)

---

[2]      Section 5803 provides:  "The appeals board has continuing jurisdiction over all its orders, decisions, and awards made and entered under the provisions of this division . . . . At any time, upon notice and after an opportunity to be heard is given to the parties in interest, the appeals board may rescind, alter, or amend any order, decision, or award, good cause appearing therefor.  [¶]  This power includes the right to . . . diminish, increase, or terminate . . . any compensation awarded, upon the grounds that the disability of the person in whose favor the award was made has either recurred, increased, diminished, or terminated."

Here, as the dissenting commissioner observed, Dr. Sohn issued a pre-award report rating Benavidas's impairment without first requesting and reviewing an EMG, and the WCJ approved the parties' stipulation, unaware of the fact that an existing EMG demonstrated Benavidas's spinal condition was significantly worse than reflected in Dr. Sohn's report.  Whether the stipulation was the result of inadvertence, excusable neglect, or mistake of fact, the error justifies reopening the resulting award.  (*Huston, supra,* 95 Cal.App.3d at pp. 865-866.)  Indeed, when Benavides brought his petition to reopen, the evidence clearly established that the stipulated award was inequitable. (*LeBoeuf, supra,* 34 Cal.3d at p. 242.)

Moreover, despite Dr. Sohn's failure to request an EMG before issuing his initial report, by the time of Benavides's petition to reopen, Dr. Sohn had reviewed the EMG and acknowledged that his pre-award report relied on incomplete information.  As the dissenting commissioner noted, "an expert's opinion which does not rest upon relevant facts . . . *cannot constitute substantial evidence . . . .*"  (*Zemke v. Workmen's Comp. App. Bd.* (1968) 68 Cal.2d 794, 798, italics added.)  Any decision by the appeals board or a WCJ "must be supported by substantial evidence in the light of the entire record [citations]."  (*Garza v. Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 312, 317.)  In view of Dr. Sohn's initial failure to request an EMG, and his later opinion regarding the EMG's impact on Benavides's permanent disability rating, we conclude substantial evidence does not support the appeals board's decision to deny the petition to reopen.  (See *Sully-Miller Contracting Co. v. Workers' Comp. Appeals Bd.* (1980) 107 Cal.App.3d 916, 924 [where the appeals board's denial of a request to reopen is not based on substantial evidence, it must be annulled].)

## DISPOSITION

The decision of the Workers' Compensation Appeals Board is annulled and the case is remanded with directions to reinstate the award of the workers' compensation judge entered on April 19, 2013.

**CERTIFIED FOR PUBLICATION**


KITCHING, J.

We concur:



KLEIN, P. J.



ALDRICH, J.


7