[No. B099392. Second Dist., Div. Four. July 15, 1997.]

BERNARD TYLER, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, METROPOLITAN
LIFE INSURANCE COMPANY et al., Respondents.

**COUNSEL**

Steven M. Tamer, Lloyd A. Dent and Barry Satzman for Petitioner.

Kegel, Tobin & Truce, Alan D. Bennett and D'Arcy T. Swartz for Respondents.

**OPINION**

**HASTINGS, Acting P. J.—**

FACTS

Bernard Tyler (applicant) was employed by Metropolitan Life Insurance Company (employer) in April 1988 in its Pittsburgh, Pennsylvania office. He

remained at that office until March 1991, when he was transferred to the Orange County, California office. His duties remained the same. While in the Pittsburgh office he received good reviews and was employed without incident.

After his transfer to the Orange County office his problems began. He had difficulties at work with one of the supervisors, Mary DePriest, causing stress, and he "flipped out," resulting in psychiatric hospitalization in November 1991. Applicant testified that prior to his employment in Orange he had never had any psychiatric disorders and had never been hospitalized for any psychiatric illness. After the hospitalization applicant continued to have problems with Ms. DePriest. Personnel memos reflect that applicant read his Bible out loud at his desk, that he felt persecuted when his seating position was rearranged so he would be in front of Ms. DePriest, and that he became very angry on several occasions over disagreements at work.

On March 20, 1992, applicant filed a workers' compensation claim alleging psychiatric injury of November 5, 1991, as a result of stress. On March 27, 1992, applicant was terminated. On April 2, 1993, applicant filed an additional claim alleging psychiatric injury from October 1991 through March 26, 1992.

The employer referred applicant to Jay Cohen, M.D., a psychiatrist, who concluded that applicant did not sustain an industrial injury and that many of his complaints, such as with the supervisor, were examples of paranoid delusion.

Applicant's original attorney obtained a medical report from a neurologist which concluded that his problems were caused by stress related to his employment in Orange County.

Because there were contradictory reports, applicant's original counsel and employer's counsel stipulated that applicant would be examined by an agreed medical examiner (AME) in psychiatry, Joel Frank, M.D. In his report of January 20, 1993, Dr. Frank states applicant had been suffering from a schizophreniform disorder and was currently suffering from a depressive disorder, not otherwise specified (postpsychotic depression). Dr. Frank also opined that a drug-induced psychotic episode was possibly involved, although there was no evidence to support this opinion. He stated that he disbelieved the events at work as described by applicant which he believed were the product of paranoid thinking. He concluded that it was probable that there was no causal connection between employment and applicant's permanent psychiatric disability and that he simply focused his symptomatology on the workplace.

The parties proceeded to trial, and on September 28, 1995, the workers' compensation judge (WCJ) issued a findings and award concluding that applicant did not sustain an industrial injury. This was despite the fact that in his opinion on decision he concluded ". . . the work stresses precipitated applicant's psychiatric symptoms and hospitalization *and disability*." (Italics added.) He concluded that employer's psychiatrist was not credible and also made the following finding: "The court does not believe Dr. Frank's opinion that because applicant exhibited bizarre psychiatric symptoms he had a schizophreniform disorder with no industrial causation. It is the court's opinion that the work stresses precipitated the bizarre behavior." The WCJ justified its conclusion that applicant did not sustain an industrial injury as follows: "The court requires medical evidence to find a cumulative type cumulative trauma injury. There is only a neurologist report obtained by the Civic Law Center attorney [applicant's prior counsel]. Applicant's very competent subsequent attorney could not obtain a report as he was substituted in after the AME exam and report. [¶] There being no medical evidence to support a work injury aside from the neurological report . . . the court finds there is no work injury." The opinion concluded: "The court cannot appoint an Independent Medical Examiner under the 1989 reform legislation."

Thereafter, applicant petitioned for reconsideration alleging that the court had the authority and duty to refer applicant to a physician under Labor Code section 5701 to fully develop the record. The employer filed an answer essentially arguing that the conclusions of the AME were correct as substantiated by Dr. Cohen and that the AME should be followed absent justification or good cause otherwise. The matter was referred back to the WCJ who issued a report identical to the original findings. The Workers' Compensation Appeals Board (WCAB or Board) adopted the WCJ's reasons for his decision in a two-page order denying reconsideration.

On February 5, 1996, applicant filed the subject petition for writ of review arguing that the WCJ had the authority, and duty, to obtain further medical evidence to support his belief that the psychiatric episode was work related despite the reform legislation. Not to do so, concluded applicant, was a denial of due process. Employer responded by filing an answer maintaining that Dr. Frank's report was substantial evidence to support the findings of the WCJ and determination of the Board.

## DISCUSSION

Labor Code sections 5701 and 5906 authorize the WCJ and WCAB to obtain additional evidence, including medical, at any time during the proceedings.

Labor Code section 5701 states: "The appeals board may, with or without notice to either party, cause testimony to be taken, or inspection of the premises where the injury occurred to be made, or the timebooks and payroll of the employer to be examined by any member of the board or a workers' compensation judge appointed by the appeals board. *The appeals board may also from time to time direct any employee claiming compensation to be examined by a regular physician. The testimony so taken and the results of any inspection or examination shall be reported to the appeals board for its consideration.*" (Italics added.)

Labor Code section 5906 states: "Upon the filing of a petition for reconsideration, or having granted reconsideration upon its own motion, the appeals board may, with or without further proceedings and with or without notice affirm, rescind, alter, or amend the order, decision, or award made and filed by the appeals board or the workers' compensation judge on the basis of the evidence previously submitted in the case, *or may grant reconsideration and direct the taking of additional evidence.* Notice of the time and place of any hearing on reconsideration shall be given to the petitioner and adverse parties and to other persons as the appeals board orders." (Italics added.)

In *King* v. *Workers' Comp. Appeals Bd.* (1991) 231 Cal.App.3d 1640 [283 Cal.Rptr. 98], the Court of Appeal was presented with a situation similar to this one and noted as follows: "When the Board grants reconsideration, it has the power to direct the taking of additional evidence. (Lab. Code, §§ 5701, 5906; *Lundberg* v. *Workmen's Comp. App. Bd.* (1968) 69 Cal.2d 436, 440 [71 Cal.Rptr. 684, 445 P.2d 300] . . . ; *Raymond Plastering* v. *Workmen's Comp. App. Bd.* (1967) 252 Cal.App.2d 748, 753 [60 Cal.Rptr. 860] . . . .) Upon remand from this court in the present case, the Board may decide the employer has had an adequate opportunity to meet its burden of proof on apportionment and may therefore enter an award denying any apportionment. Alternatively, the Board may conclude the record should be further developed on one or more of the apportionment issues and may direct the taking of further evidence on apportionment. The matter will be remanded to enable the Board to exercise its discretion in this regard." (*King* v. *Workers' Comp. Appeals Bd., supra,* 231 Cal.App.3d at p. 1649.)

In *Lundberg* v. *Workmen's Comp. App. Bd.* (1968) 69 Cal.2d 436 [71 Cal.Rptr. 684, 445 P.2d 300], cited in the *King* case, the Supreme Court held: "It should be stressed that where the undisputed evidence points towards an industrial injury had the board any doubts as to the cause of the injury, it has the means to resolve those doubts. Upon the filing of a petition for reconsideration the board may direct the taking of additional evidence

(Lab. Code, § 5906), and the board is given power to direct any employee claiming compensation to be examined by a physician (Lab. Code, § 5701). In the instant case, the board did not follow this procedure and attempt to resolve any doubts it may have had with respect to the inference of industrial causation. Instead it determined in the absence of any supporting evidence to reject the inference of industrial causation, and this it may not do." (*Id.* at p. 440.)

 This is precisely the situation with which we are presented. The WCJ, in his opinion on decision and his report on reconsideration, determined that neither Dr. Cohen nor Dr. Frank was credible, therefore their reports do not constitute substantial evidence. (See *Bracken* v. *Workers' Comp. Appeals Bd.* (1989) 214 Cal.App.3d 246 [262 Cal.Rptr. 537] [a particular physician's report is not substantial evidence if it is based on an erroneous history, incorrect legal theory or speculation].) Instead, the WCJ believed that applicant's psychiatric condition was caused directly by stress related to his work. However, because applicant had presented the report of a neurologist, not a psychiatrist, the WCJ concluded that no medical evidence supported his conclusion. He also believed he did not have the authority to seek further medical evaluation: "The court cannot appoint an Independent Medical Examiner under the 1989 reform legislation."

Effective January 1, 1990, for injuries occurring after January 1, 1991, Labor Code section 28 replaced the term "independent medical examiner" (IME) with the term "qualified medical evaluator." Also added was Labor Code section 139.1 which authorized the medical director of the newly formed Industrial Medical Council to appoint IME's for cases with injuries prior to January 1, 1991. Therefore, technically, the WCJ was correct when he determined he could not appoint an "independent medical examiner." This does not mean he could not obtain further evidence.

Labor Code sections 5701 and 5906 were not affected by the reform legislation and they remain available for use in the original proceeding or upon reconsideration. ■ ■ (See *Kennedy* v. *Fremont Comp. Ins. Co.* (1993) 21 Cal. Workers' Comp. Rptr. 78 [which concluded that even if a WCJ could not refer an applicant to an IME, the medical record could, and should, be developed by other means such as supplemental medical reports or expert depositions pursuant to California Code of Regulations, title 8, sections 10606 and 10727, and Labor Code, section 5701].)[1] The principle of allowing full development of the evidentiary record to enable a complete adjudication of the issues is consistent with due process in connection with workers' compensation claims. (See *Fidelity & Cas. Co. of New York* v.

---

[1] A WCAB decision reported in the California Workers' Compensation Reporter is a properly citable authority, especially as an indication of contemporaneous interpretation and

*Workers' Comp. Appeals Bd.* (1980) 103 Cal.App.3d 1001 [163 Cal.Rptr. 339] and *Kaiser Co.* v. *Industrial Acc. Com.* (1952) 109 Cal.App.2d 54 [240 P.2d 57].)

We conclude that the WCJ and the Board erred by concluding that further information could not be developed in aid of determining the case.

### DISPOSITION

The order of the Board denying reconsideration is annulled and we remand this matter to the Board to enable it to exercise its discretion in connection with Labor Code section 5701 or section 5906, and cited case law.

Baron, J., and Aranda, J.,* concurred.

application of workers' compensation laws. (See *Griffith* v. *Workers' Comp. Appeals Bd.* (1989) 209 Cal.App.3d 1260 [257 Cal.Rptr. 813].)

*Judge of the Municipal Court for the South Bay Judicial District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.