[No. G021986. Fourth Dist., Div. Three. Apr. 2, 1998.]

STEVE McCLUNE, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and ACCOUSTICAL
MATERIAL SERVICES et al., Respondents.

1118

**COUNSEL**

Leviton, Rabine, Diaz & Whiting and Christopher C. Ginocchio for Petitioner.

Zonni, Ginocchio & Taylor and James P. Sirick for Respondents.

**OPINION**

**SONENSHINE, J.**—Steve McClune contests the Workers' Compensation Appeals Board's (the WCAB) denial of his petition for reconsideration of his workers' compensation claim.

I

McClune began his employment with Accoustical Material Services (AMS) in May 1991. His duties as a truck driver included loading and unloading drywall, steel and mud. Although McClune did not miss one day of work, he filed a workers' compensation claim in 1996 alleging cumulative trauma to his left leg and hip.

AMS and its insurer, CNA Insurance Company, denied the claim on the ground the injury was not caused by his employment. The WCAB heard the matter in March 1997. McClune's expert witness testified the injury was caused by cumulative and repetitive trauma while McClune was employed by AMS. He explained McClune had no symptoms prior to his AMS employment and passed a pre-employment physical.

AMS and CNA's expert witness opined McClune's condition was the natural progression of a preexisting, nonindustrial-related osteoarthritis. He supported his testimony with McClune's medical records indicating McClune reported severe left hip degenerative arthritis pain in 1993. Moreover, the records showed the arthritic condition was either present since childhood or adolescence or was the result of a very rare disorder which developed over the past few years. McClune's medical records also documented a degenerative left hip disease possibly caused by a 1989 motorcycle accident.

The workers' compensation judge (WCJ) found McClune had prior injuries and trauma to his left leg and hip, and accordingly, the injury was nonindustrial. The WCJ noted, "[A]n IME [independent medical examiner] report would be appropriate, however, present procedures do not provide for an IME."

McClune filed a petition for reconsideration contending the WCJ's findings and order were not supported by substantial evidence; there was substantial evidence to support a finding of industrial injury; and if the WCJ's findings were not supported by substantial evidence because the record was incomplete, the WCJ had a duty to further develop the record. The WCJ recommended the petition be granted; the judge noted although McClune did not establish by a preponderance of the evidence his injury was industrial in nature, the testimony given by the expert witnesses was inadequate because neither expert witness discussed the effect of work-related trauma on McClune's existing left hip condition. In the WCJ's opinion, an independent medical examiner (IME) would be appropriate because the finding that the injury was nonindustrial was based upon inadequate medical evidence.

The WCAB denied the petition for reconsideration, holding McClune failed to establish by a preponderance of the evidence his injury was industrial in nature. It also concluded there was no basis to reopen the evidentiary record to obtain additional medical evidence because neither party attempted to depose the evaluating physicians or requested to augment the evidentiary record before this matter was submitted for decision. Finally,

the WCAB determined, "[T]he 1989 legislative reform of the workers' compensation system, . . . effectively eliminated the [WCAB's] authority to refer represented employees to IME's in cases where the injury occurred after January 1, 1991."

We denied McClune's petition for a writ of review, but the Supreme Court directed us to hear the matter.

II

■     McClune contends the WCJ and WCAB have the authority to order the taking of additional evidence when the record lacks substantial evidence to support a finding of industrial causation; and the failure to do so violated his due process rights. He is correct.

Recently, the court in *Tyler* v. *Workers' Comp. Appeals Bd.* (1997) 56 Cal.App.4th 389, 392 [65 Cal.Rptr.2d 431] held, "Labor Code sections 5701 and 5906 authorize the WCJ and WCAB to obtain additional evidence, including medical, *at any time* during the proceedings."[1] (Italics added.) It noted the 1990 amendment of section 28 did not affect those sections.[2]

---

[1]All further statutory references are to the Labor Code unless otherwise specified.

[2]The *Tyler* court held the 1989 amendments to the Labor Code do not preclude the WCJ and WCAB from taking additional evidence when the record lacks substantial evidence to support a finding on the issue of industrial causation.

Section 5701 provides in relevant part, "The appeals board may also from time to time direct any employee claiming compensation to be examined by a regular physician. The testimony so taken and the results of any inspection or examination shall be reported to the appeals board for its consideration."

Section 5906 provides in part, "Upon the filing of a petition for reconsideration, or having granted reconsideration upon its own motion, the appeals board may, with or without further proceedings and with or without notice affirm, rescind, alter, or amend the order, decision, or award made and filed by the appeals board or the workers' compensation judge on the basis of the evidence previously submitted in the case, *or may grant reconsideration and direct the taking of additional evidence.*" (Italics added.)

Section 28 states, "For injuries occurring on and after January 1, 1991, whenever the term 'independent medical examiner' is used in this code, the term shall mean 'qualified medical evaluator.' " Section 139.1, subdivision (a) provides in relevant part, "The Industrial Medical Council shall advise the medical director as to the selection and removal of independent medical and chiropractic examiners. The administrative director shall appoint independent medical and chiropractic examiners in each of the respective specialties as may be required." Section 139.1, subdivision (d) states, "This section shall apply only to injuries occurring before January 1, 1991."

The *Tyler* court noted section 28 replaced the term " 'independent medical examiner' " with the term " 'qualified medical evaluator.' " (*Tyler* v. *Workers' Comp. Appeals Bd., supra,* 56 Cal.App.4th at p. 394.) "Therefore, technically, the WCJ was correct when he determined he

Respondents do not challenge *Tyler* but argue it is inapt because there the WCJ found neither doctor credible. As a result, there was *no* medical evidence and the appointment of an IME was appropriate. Such is not the case here, however, say respondents because the WCJ did not reject the evidence but found McClune did not establish an industrial accident by a preponderance of the evidence.

We fail to appreciate the distinction. True, in *Tyler* the WCJ rejected the medical evidence. But sections 5701 and 5906 permit the taking of additional medical evidence in other situations. Indeed, as *Tyler* acknowledged, the "principle of allowing full development of the evidentiary record to enable a complete adjudication of the issues is consistent with due process in connection with workers' compensation claims." (*Tyler* v. *Workers' Comp. Appeals Bd., supra,* 56 Cal.App.4th at p. 394.)

The WCJ and WCAB concluded McClune's hip condition existed prior to his AMS employment. However, the existence of a prior condition does not preclude the finding of an industrial injury. (§ 4663.)[3] " 'The underlying theory is that the employer takes the employee subject to his [or her] condition when he [or she] enters the employment, and that therefore compensation is not to be denied merely because the work[er's] physical condition was such as to cause him [or her] to suffer a disability from an injury which ordinarily, given a stronger and healthier constitution, would have caused little or no inconvenience.' " (*Zemke* v. *Workmen's Comp. App. Bd.* (1968) 68 Cal.2d 794, 800 [69 Cal.Rptr. 88, 441 P.2d 928].)

Respondents also maintain the appointment of an IME *at this stage of the proceedings* is inappropriate. Respondents ignore substantial authority to the contrary.

"Although the employee bears the burden of proving his injury was sustained in the course of his employment, the established legislative policy is that the Work[ers'] Compensation Act must be liberally construed in the employee's favor [citation] and all reasonable doubts as to whether an injury arose out of employment are to be resolved in favor of the employee." (*Garza* v. *Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 312, 317 [90 Cal.Rptr. 355, 475 P.2d 451].) Accordingly, where the medical evidence is in conflict,

could not appoint an 'independent medical examiner[]' [for injuries occurring after January 1, 1991]. This does not mean [the WCJ] could not obtain further medical evidence." (*Ibid.*)

[3]Section 4663 provides: "In case of aggravation of any disease existing prior to a compensable injury, compensation shall be allowed only for the proportion of the disability due to the aggravation of such prior disease which is reasonably attributed to the injury."

the WCAB does not exceed its statutory powers when it grants reconsideration to direct the taking of additional evidence. (*Zozaya* v. *Workmen's Comp. App. Bd.* (1972) 27 Cal.App.3d 464, 468 [103 Cal.Rptr. 793].)

The WCAB's order denying reconsideration is annulled and the matter is remanded to the WCAB to determine whether to exercise its discretion to seek additional evidence.

Crosby, Acting P. J., and Rylaarsdam, J., concurred.

The petition of respondent CNA Insurance Company for review by the Supreme Court was denied June 17, 1998.