[No. B119418. Second Dist., Div. Seven. July 29, 1998.]

M/A COM-PHI et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD and AVEDIS
SEVADJIAN, Respondents.

**COUNSEL**

Koester & Gelman and Larry D. Preece for Petitioners.

Stephen A. Wolfson for Respondents.

**OPINION**

**WOODS, J.**—Avedis Sevadjian admittedly sustained electrical shock and injury while at work. The Workers' Compensation Appeals Board (WCAB) awarded benefits based upon the reports of the employer's doctors, who were not provided with impeaching surveillance films. The employer contends that without such information, its doctors' reports cannot be substantial evidence, and we agree. The employer further argues this leaves the employee without any evidence with which to award compensation. We disagree. Instead, the decision is annulled and ordered remanded to further develop the medical record as requested by respondent and suggested by the workers' compensation judge (WCJ).

FACTUAL AND PROCEDURAL BACKGROUND

Avedis Sevadjian worked as an equipment maintenance manager for M/A Com-Phi since 1977. His duties included troubleshooting various sophisticated electronic production machines. On February 20, 1992, Sevadjian received an electrical shock while repairing a high-voltage "Ion Implanter," which is not in dispute. The hospital records described a burn on the right hand and small abrasion to the right thumb.

The employer admitted injury to the right hand, arm and head, and paid workers' compensation benefits. Sevadjian also sought evaluation and treatment for claimed brain damage and neurological and psychiatric problems with Charles Furst, Ph.D., Robert Cohenour, M.D., and Robert Tomaszewski, Ph.D. The doctors essentially believed Sevadjian's complaints and concluded he suffered serious brain dysfunction and other sequela.

Orthopedically, Sevadjian received a report from Shaik Saheb, M.D., who gave restrictions to light work, while Michael Gould, D.D.S., diagnosed various dental and facial injuries.

The employer had Sevadjian evaluated psychiatrically by John Stalberg, M.D. Dr. Stalberg questioned Sevadjian's description of nightly nightmares and sleeping one to two hours per day, and concluded he exaggerated. Nevertheless, Dr. Stalberg found some very slight industrial psychiatric disability with avoidance of exposure to electrical shock. Dr. Stalberg also commented that Sevadjian would be in need of vocational rehabilitation if the claim of being fearful of electric shocks was reasonable and honest, as it appeared.

Joel Ruffman, M.D., provided the employer with a report in neurology. Although Dr. Ruffman diagnosed electrical shock, he noted no abnormal neurological tests. Dr. Ruffman doubted the complaints of continuing severe headaches, which he found to be minimal to occasional slight, and concluded Sevadjian was either exaggerating or malingering.

Jay Vogel, M.D., reported for the employer that orthopedically Sevadjian sustained only minimal neck and right arm pain.

At trial, Sevadjian explained how he was shocked by up to 2,000 volts. He affirmed the various symptoms told the doctors and said his driving was very limited due to dizziness. Sevadjian further claimed the accident made him violent, leading to domestic abuse and attempted suicide.

On cross-examination, Sevadjian denied he struck his wife with his right hand because it had no strength.

Sevadjian's wife, Angel, also testified. She told of financial ruin and that her husband could no longer do the finances because of memory loss and difficulty writing. In addition, she complained of her husband's inability to shower, shave, watch the kids and do chores as before. She denied being struck with the right hand on cross-examination.

The WCJ found Sevadjian, his wife and doctors, credible and awarded 100 percent disability. The WCJ stated that the subjective interpretations by Drs. Ruffman, Stalberg and Vogel were not believed and not substantial evidence.

The employer petitioned for reconsideration attacking generally the credibility of Sevadjian and his wife, but noting specifics relied on by the WCJ could not be addressed because the minutes of hearing had not been served.

The WCJ vacated the award.

The employer then petitioned to have surveillance films, which were taken after trial, reviewed before further decision. At a subsequent hearing, the WCJ indicated the videotape showed Sevadjian socializing, driving, shopping, moving furniture and gardening without difficulty. The films had been previously shown to some of Sevadjian's doctors, not changing their opinions, but not to the employer's reporting physicians.

In response, Sevadjian testified he was obligated to move his poor, elderly parent's furniture, and suffered unbelievable pain afterwards. In regards to gardening, Sevadjian claimed it was not strenuous and reduced stress.

When Sevadjian's wife took the stand, she admitted to the court her husband drove from Barstow to Las Vegas while they were on vacation.

Thereafter, the WCJ awarded 26¾ percent disability based on the employer's doctors. The WCJ reasoned that although Sevadjian willfully misled the doctors and the court, Drs. Stalberg and Ruffman could still be followed because other medical reporters relied on the subjective complaints. The WCJ declined Sevadjian's earlier request to further develop the medical record.

The employer petitioned for reconsideration arguing fraud and that the false history given to its doctors rendered their reports insufficient as substantial evidence, leaving Sevadjian without any basis for an award.

In the report and recommendation on reconsideration, the WCJ explained fraud was not proven and that Drs. Stalberg and Ruffman discounted Sevadjian's subjective complaints and substituted their own best medical judgment. However, should the WCAB find the doctors' reports not substantial

evidence, the WCJ requested remand to further develop the medical record according to *Tyler* v. *Workers' Comp. Appeals Bd.* (1997) 56 Cal.App.4th 389 [65 Cal.Rptr.2d 431].[1]

The WCAB adopted the WCJ's reasons and decision and denied reconsideration. In a subsequent letter to this court, the WCAB pointed out that the employer had more than two months before trial to submit the surveillance films to Drs. Stalberg and Ruffman for comment, but failed to do so.

In its petition for review, the employer argues that Drs. Stalberg and Ruffman did rely on Sevadjian's subjective complaints and history, nullifying their reports as substantial evidence and any possible award. Sevadjian's answer requests further discovery pursuant to *Tyler* v. *Workers' Comp. Appeals Bd., supra,* 56 Cal.App.4th 389.[2]

## DISCUSSION

### I. *The Decision Was Not Based on Substantial Evidence*

■ Although evidence should be considered in light of the entire record, medical reports and opinions are not substantial evidence sufficient to support a decision if they are based on incorrect or inadequate histories, examinations, legal theories, speculation, or are no longer germane. (*Bracken* v. *Workers' Comp. Appeals Bd.* (1989) 214 Cal.App.3d 246 [262 Cal.Rptr. 537] and *Place* v. *Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 372 [90 Cal.Rptr. 424, 475 P.2d 656].)

■ Dr. Stalberg reported very slight disability and a need for vocational rehabilitation, if Sevadjian's alleged fear of electrical shock was reasonable and honest, as it appeared. Dr. Ruffman, in finding some disability, stated

---

[1] In *Tyler* v. *Workers' Comp. Appeals Bd., supra,* 56 Cal.App.4th 389, Division Four of this district interpreted Labor Code sections 5701 and 5906 as authorizing a WCJ, or the WCAB, to order further development of the record at any time during the proceedings, including obtaining additional medical evidence concerning injury, to enable a complete adjudication of the issues consistent with due process.

Labor Code section 5701 states, "The appeals board may, with or without notice to either party, cause testimony to be taken, or inspection of the premises where the injury occurred to be made, or the timebooks and payroll of the employer to be examined by any member of the board or a workers' compensation judge appointed by the appeals board. The appeals board may also from time to time direct any employee claiming compensation to be examined by a regular physician. The testimony so taken and the results of any inspection or examination shall be reported to the appeals board for its consideration."

Labor Code section 5906, in relevant part, authorizes the WCAB upon appeal, to "grant reconsideration and direct the taking of additional evidence."

[2] Sevadjian also filed for reconsideration and review arguing for further development of the record, but subsequently dismissed his petition.

he was not sure whether Sevadjian was exaggerating or malingering. Although both doctors may have discounted Sevadjian's subjective complaints as the WCJ concluded, this does not rule out that the false history, also found by the WCJ, influenced their opinions to some extent. In addition, without addressing the surveillance films the doctors' reports were no longer germane.

## II. *Further Development of the Record Is Appropriate*

In *Tyler* v. *Workers' Comp. Appeals Bd., supra,* 56 Cal.App.4th 389, the trial judge concluded industrial injury occurred even though the medical evidence presented was not credible, but believed statutory authority no longer existed to order an independent medical exam. While the appeals court agreed that technically an independent medical exam was inapplicable for injuries occurring after January 1, 1991, this did not prevent other means such as supplemental medical reports or expert depositions.

Similarly, the court in *McClune* v. *Workers' Comp. Appeals Bd.* (1998) 62 Cal.App.4th 1117 [72 Cal.Rptr.2d 898], granted the injured worker's request to further develop the record,[3] where the trial judge did not reject the medical evidence but found injury had not been established because the reports for both sides failed to address aggravation by work of a preexisting hip condition. The court was not dissuaded even though the WCAB ruled against reopening the record because neither party attempted to depose the evaluating physicians, or augment the evidence, before submission.

In the matter before us, injury is admitted but competent medical evidence as to nature and extent is lacking. The WCJ was free to reject the opinions of Sevadjian's doctors, which included consideration of the surveillance films. However, in order to ensure reliance on substantial evidence, and a complete adjudication of the issues consistent with due process, it was necessary for the WCJ or WCAB to have facilitated review of this critical information by Drs. Stalberg and Ruffman, or to employ some other reasonable and fair method considering the circumstances.

To prevent further development of the medical record and award no compensation for an established injury, as the employer advocates, would violate Sevadjian's due process rights. (*Tyler* v. *Workers' Comp. Appeals Bd., supra,* 56 Cal.App.4th 389; *McClune* v. *Workers' Comp. Appeals Bd., supra,* 62 Cal.App.4th 1117.) On the other hand, the language of Labor Code sections 5701 and 5906 is not specific to employees, and awarding benefits

---

[3]Originally, the Court of Appeal denied review but the Supreme Court directed the matter be heard. (*McClune* v. *Workers' Comp. Appeals Bd., supra,* 62 Cal.App.4th at p. 1120.)

based on medical opinions lacking crucial information violates the employer's due process rights.

## DISPOSITION

The decision of the WCAB is annulled and the matter is remanded for further proceedings consistent with this opinion.

Lillie, P. J., and Johnson, J., concurred.