[No. F038023. Fifth Dist. Oct. 16, 2001.]

TELLES TRANSPORT, INC., et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD and LUIS ZUNIGA,
Respondents.

1160

COUNSEL

Yohman, Parker, Kern & Nard and Brian L. Duncan for Petitioner.

Eslamboly & Barlavi and Steven W. Cox for Respondent Luis Zuniga.

No appearance for Respondent Workers' Compensation Appeals Board.

OPINION

**CORNELL, J.**—Telles Transport, Inc. (Telles) petitions this court by a writ of review challenging the decision of the Workers' Compensation Appeals Board (WCAB or Board). On reconsideration, the WCAB remanded the matter to the workers' compensation administrative law judge (WCJ) to admit medical evidence that respondent Luis Zuniga purposely excluded from the record. We find Zuniga's trial tactics contrary to the Legislature's mandate of full disclosure in workers' compensation proceedings as determined under *San Bernardino Community Hospital v. Workers' Comp. Appeals Bd.* (1999) 74 Cal.App.4th 928 [88 Cal.Rptr.2d 516] (*San Bernardino*); accordingly, we annul the WCAB's decision and remand for further proceedings.

## FACTUAL AND PROCEDURAL SUMMARY

Zuniga began working for Telles as a truck driver in July 1999. In December 1999, Zuniga filed a workers' compensation claim alleging an

injury to his left knee occurred during the course and scope of his employment. Telles disputed the claim and contended the injury was not industrially related.

On May 16, 2000, the parties participated in a workers' compensation mandatory settlement conference (MSC). At the MSC, Zuniga's counsel made a tactical decision not to disclose certain medical records from the treating hospital, the University Medical Center (UMC). Although the documents were not offered into evidence, Telles apparently had its own copy of the relevant UMC records.

The case proceeded to hearing on July 25, 2000. Zuniga testified that on September 29, 1999, he injured his left knee after slipping on hydraulic oil while tying down his truck load. In its defense, Telles presented four of Zuniga's coworkers who testified Zuniga told them his leg hurt because of a spider bite and that he did not report his injury until October 19, 1999. Zuniga explained it was not until his visit to UMC that a doctor attributed his knee injury to the oil slip.

In a December 15, 2000, finding, award, and opinion, the WCJ agreed with Telles that Zuniga failed to meet his burden of establishing the knee injury arose out of and in the course of employment. Accordingly, Zuniga received no workers' compensation benefits.

Zuniga filed a petition for reconsideration with the WCAB that alleged during the workers' compensation hearing Zuniga's counsel showed the WCJ the UMC records indicating the injury was work-related. According to the petition, the dates in the UMC records conflicted and the documents "were not offered for fear of being unable to pinpoint a reasonably correct date for the specific injury." Zuniga contended that although he did not offer into evidence the relevant UMC reports at the MSC, the WCJ nevertheless should have admitted them at trial to complete the record.

In a January 2001 report and recommendation to the WCAB, the WCJ stated he could not specifically recall whether Zuniga offered the UMC records at the workers' compensation hearing, but was certain the records were not disclosed as evidence at the MSC. The WCJ defended his position not to consider the UMC medical evidence by explaining: "I agree I have the discretion to develop the evidentiary record. [¶] However, where counsel makes a tactical decision not to list evidence at the time of the Mandatory Settlement Conference which is clearly relevant and probative as to an issue in a case I believe I would be abusing my discretion to develop the record if I decided to admit that evidence at trial. [¶] Basically, I would be encouraging the parties not to list relevant and probative evidence and later use the

same at the time of trial with the potential for surprise to the other side. [¶] That is precisely what Labor Code § 5502 is designed to prevent."

On March 12, 2001, the WCAB granted Zuniga's request for reconsideration and issued its decision. The WCAB disagreed with the WCJ and found the WCJ had a duty to develop fully the record by admitting the relevant UMC records. The WCAB remanded the case for further proceedings in light of the additional medical evidence. Telles petitioned this court for writ of review, and on July 13, 2001, we granted Telles's request to determine the lawfulness of the WCAB's decision after reconsideration.

## DISCUSSION

Telles contends the WCAB erred in concluding the WCJ's duty to develop the record superceded the parties' obligation to disclose all relevant evidence at the MSC under Labor Code section 5502, subdivision (d)(3).[1] Zuniga maintains the WCAB acted within its authority in ordering the WCJ to admit the previously undisclosed UMC records. In addition to the arguments raised by the parties, we requested supplemental briefing addressing the issues of waiver and invited error in workers' compensation proceedings.

 If the WCAB acts "without or in excess of its powers," the decision may be annulled on judicial review. (§ 5952, subd. (a); see 2 Hanna, Cal. Law of Employee Injuries and Workers' Compensation (rev. 2d ed., Tancor edit., 1966) § 34-18[2], p. 34-31.) Similarly, when a workers' compensation decision rests on the WCAB's erroneous interpretation of the law, the reviewing court will annul the decision. (*Save Mart Stores v. Workers' Comp. Appeals Bd.* (1992) 3 Cal.App.4th 720, 723 [4 Cal.Rptr.2d 597]; *Barns v. Workers' Comp. Appeals Bd.* (1989) 216 Cal.App.3d 524, 530 [266 Cal.Rptr. 503]; *Smith v. Workers' Comp. Appeals Bd.* (1984) 152 Cal.App.3d 1104, 1106 [199 Cal.Rptr. 881].) "Because the issue here is the applicability of section 5502, subdivision (d)(3) and the Board's duty to develop the record, this court applies a de novo standard of review." (*Kuykendall v. Workers' Comp. Appeals Bd.* (2000) 79 Cal.App.4th 396, 402 [94 Cal.Rptr.2d 130] (*Kuykendall*).)

## I. *Conflicting Statutory Principles*

Section 5502, subdivision (d)(3) provides: "If the claim is not resolved at the mandatory settlement conference, the parties shall file a pretrial conference statement noting the specific issues in dispute, each party's proposed

---

[1] All further statutory references are to the Labor Code.

permanent disability rating, and listing the exhibits, and disclosing witnesses. Discovery shall close on the date of the mandatory settlement conference. Evidence not disclosed or obtained thereafter shall not be admissible unless the proponent of the evidence can demonstrate that it was not available or could not have been discovered by the exercise of due diligence prior to the settlement conference."

In 1989, the Legislature enacted section 5502, subdivision (d)(3) "to minimize delays and efficiently expedite case resolution by making sure parties are prepared for hearing." (*Kuykendall, supra,* 79 Cal.App.4th at p. 404.) "The purpose of the disclosure requirement in section 5502 is obvious: ' "to guarantee a productive dialogue leading, if not to expeditious resolution of the whole dispute, to thorough and accurate framing of the stipulations and issues for hearing." ' " (*San Bernardino, supra,* 74 Cal.App.4th at p. 932.)

Meanwhile, "[b]ased on the constitutional mandate to accomplish substantial justice, the WCJ has a duty to develop an adequate record." (*Kuykendall, supra,* 79 Cal.App.4th 396, 403, citing Cal. Const., art. XIV, § 4.) Section 5701, applicable to original proceedings, empowers the WCAB to require additional testimony and initiate other acts of discovery. (*San Bernardino, supra,* 74 Cal.App.4th at p. 933.) Similarly, section 5701, applicable to proceedings on reconsideration, "authorizes the Board to 'grant reconsideration and direct the taking of additional evidence.' " (*San Bernardino,* at p. 933.) ▪ "Based on sections 5701 and 5906, it is well established that the WCJ or the Board may not leave undeveloped matters which its acquired specialized knowledge should identify as requiring further evidence." (*Kuykendall, supra,* 79 Cal.App.4th 396, 404.)

In *San Bernardino, supra,* 74 Cal.App.4th 928, the WCAB affirmed the granting of an employee's request to reopen the record at trial to admit a revised medical report and testimony not disclosed at the MSC. (*Id.* at p. 931.) On writ review, the Fourth Appellate District specifically addressed the conflicting tension between the prohibition of admitting evidence after the close of discovery under section 5502, subdivision (d)(3), and the WCAB's authority to develop the record under sections 5701 and 5906. (*San Bernardino, supra,* 74 Cal.App.4th at p. 935.) ▪ Reversing the decision of the WCAB, *San Bernardino* concluded: "The Board's power to develop the record cannot be used to circumvent the clear intent and language of section 5502, subdivision (d)(3)." (*Ibid.*) The court added, "[I]n our view, the clear and explicit language of section 5502, subdivision (d)(3) should prevail over the more amorphous powers given by sections 5701 and 5906

where the former statute applies." (*San Bernardino, supra,* 74 Cal.App.4th at p. 936; see 2 Witkin, Summary of Cal. Law (2001 supp.) Workers' Compensation, § 397, p. 687; cf. *Kuykendall, supra,* 79 Cal.App.4th at p. 406 [if *unanticipated* issues arise during trial, the WCJ may develop the record after the close of discovery].) The *San Bernardino* court specifically found its holding comported with both constitutional due process considerations and section 3202's mandate of liberally construing workers' compensation laws in favor of employees. (*San Bernardino, supra,* 74 Cal.App.4th at pp. 936-937.)

## II. *The WCAB Misapplied the Relevant Labor Code Provisions*

In remanding the current matter to the WCJ, the WCAB emphasized its affirmative duty to develop the record when necessary to achieve a fair and just result. The WCAB then added: "Moreover, recent court decisions have interpreted Labor Code sections 5701 and 5906 as authorizing a workers' compensation administrative law judge (WCJ) or Appeals Board to further develop the record *at any time during the proceedings,* including obtaining additional medical evidence concerning injury, to enable a complete adjudication of the issues, consistent with due process. (*Tyler v. Workers' Comp. Appeals Bd.* (1997) 56 Cal.App.4th 389, 392 [65 Cal.Rptr.2d 431]; *McClune v. Workers' Comp. Appeals Bd.* (1998) 62 Cal.App.4th 1117, 1120-1121 [72 Cal.Rptr.2d 898].)"

Despite the reference to "recent court decisions," the WCAB did not mention *San Bernardino*, which both parties brought to the WCAB's attention in their petitions for reconsideration. The *San Bernardino* opinion was particularly relevant because it examined and distinguished the *Tyler* and *McClune* cases upon which the WCAB relied: "Neither *Tyler, McClune*, nor [another case] discusses section 5502, subdivision (d)(3) or the relationship between that statute and sections 5701 and 5906. That is the issue squarely presented to us." (*San Bernardino, supra,* 74 Cal.App.4th at p. 935.)

As in *San Bernardino*, the issue presented to the WCAB here was the interplay between section 5502, subdivision (d)(3) and sections 5701 and 5906. *San Bernardino*'s holding that the parties' specific duty to disclose all available evidence at the time of the MSC supercedes the WCAB's general duty to supplement the record is diametrically opposed to the WCAB's current finding. By ignoring *San Bernardino*, the WCAB abused its discretion and exceeded its powers.

Zuniga contends *San Bernardino* is distinguishable because here, unlike in *San Bernardino*, the undisclosed UMC medical evidence was in existence and in possession of both parties at the time of the MSC. (*San Bernardino*,

*supra,* 74 Cal.App.4th at p. 932.) Zuniga also asserts the purpose of section 5502, subdivision (d)(3) was not violated because the parties nevertheless were able to discuss all relevant issues at the MSC and to prepare properly for trial.

Zuniga's attempt to distinguish *San Bernardino* is unavailing. Under the discovery limitations established by section 5502, subdivision (d)(3), Telles should have been able to prepare its case on the assumption the undisclosed UMC records would not be admitted into evidence. Further, the existence of the UMC records at the time of the MSC makes their omission even more egregious than if they were created or discovered after the close of discovery. As the last sentence of section 5502, subdivision (d)(3) provides: "Evidence not disclosed or obtained [after the date of the MSC] shall not be admissible unless the proponent of the evidence can demonstrate that it was not available or could not have been discovered by the exercise of due diligence prior to the settlement conference."

The WCAB attempted to bolster its position the WCJ should have augmented the record with the additional UMC evidence by noting both parties had designated other UMC documents as trial exhibits. The WCAB stated in dicta that because *Bracken v. Workers' Comp. Appeals Bd.* (1989) 214 Cal.App.3d 246, 255 [262 Cal.Rptr. 537] holds the WCAB may not rely on an isolated, fragmentary portion of a particular physician's report or testimony and disregard contradictory portions, "one could argue that by listing and admitting various individual documents from the larger UMC record, the parties and the WCJ acceded to the admission of the remaining portions of the record; but we draw no conclusions in this regard at this time." The WCAB was not willing to expand the *Bracken* reasoning, and neither is this court. However, as a significant distinction, *Bracken* addresses the weight of evidence and condemns disregarding portions of medical evidence properly admitted into the record. Here, the UMC records were never admitted and therefore not properly before the WCAB.

III. *Application of the Doctrine of Waiver or Invited Error*

██ In response to our request for supplemental briefing, neither party has found any controlling workers' compensation authority addressing whether Zuniga's actions constituted waiver or invited error as to the admission of the UMC records. Apparently, there is no such authority addressing the relevant Labor Code provisions. ██ However, under general civil litigation principles, "where a deliberate trial strategy results in an outcome disappointing to the advocate, the lawyer may not use that tactical

decision as the basis to claim prejudicial error." (*Mesecher v. County of San Diego* (1992) 9 Cal.App.4th 1677, 1686 [12 Cal.Rptr.2d 279]; see also Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2000) ¶ 8:244, p. 8-118.)

Under the doctrine of waiver, a party loses the right to appeal an issue caused by affirmative conduct or by failing to take the proper steps at trial to avoid or correct the error. (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs, *supra*, ¶ 8:249, p. 8-121.) ▮ Similarly, under the doctrine of invited error, a party is estopped from asserting prejudicial error where his own conduct caused or induced the commission of the wrong. (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 403 [87 Cal.Rptr.2d 453, 981 P.2d 79], citing 9 Witkin, Cal. Procedure (1999 supp.) Appeal, § 383, p. 62.) " ' "Under the doctrine of invited error, a party may not object to the sufficiency of the evidence to support a finding against him when the lack is the result of improper exclusion of evidence at his own instance." [Citation.]' [Citation.]" (*Ocean Services Corp. v. Ventura Port Dist.* (1993) 15 Cal.App.4th 1762, 1778 [19 Cal.Rptr.2d 750].)

▮ We find the doctrines of waiver and invited error applicable here. Zuniga's admitted trial strategy of purposely excluding the UMC medical evidence from the record backfired. Once the WCJ issued his opinion and Zuniga realized his strategic mistake, Zuniga claimed the WCJ erred by not admitting the relevant evidence. Thus, even if the WCJ could be deemed to have erred, a proposition with which we disagree, Zuniga's own conduct caused or induced the error. Accordingly, he is estopped from appealing whether the UMC records were properly excluded.

Moreover, as the WCJ explained, condoning such tactics would encourage parties not to list relevant and probative evidence at the MSC and later surprise their opponent at the hearing. By enacting the disclosure requirement of section 5502, subdivision (d)(3), we presume the Legislature intended to eliminate the element of surprise in workers' compensation proceedings.

In summary, we find the WCAB abused its discretion and exceeded its powers in ordering the WCJ to admit the UMC records. As *San Bernardino* concluded: "In this case, the Board's use of its undoubted powers under sections 5701 and 5906 improperly undercut the clear intent of section 5502, subdivision (d)(3). By using the former two statutes to afford relief from the disclosure requirements, the Board effectively pulled the teeth from the latter section." (*San Bernardino, supra,* 74 Cal.App.4th at p. 937.)

## DISPOSITION

The WCAB's decision is annulled. The matter is remanded to the WCAB with directions to consider the remaining substantial evidence issue raised in Zuniga's petition for reconsideration.

Ardaiz, P. J., and Wiseman, J., concurred.