Filed 5/16/25; Certified for Publication 6/11/25 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

----

| | |
|---|---|
| DPR CONSTRUCTION et al., | C102117 |
| Petitioners, | (WCAB Case No. ADJ11348013) |
| v. | |
| WORKERS' COMPENSATION APPEALS BOARD and ALONZO MCCLANAHAN, | |
| Respondents. | |

Employer DPR Construction (DPR) and its workers' compensation carrier, National Union Fire Insurance Company (collectively, petitioners), challenge a Workers' Compensation Appeals Board (the board) decision in favor of DPR's former employee, Alonzo McClanahan.  Petitioners contend the board exceeded its powers in two ways: (1) by failing to state the reasons for finding McClanahan credible and (2) by admitting two medical reports that were not listed in the pretrial conference statement.  We disagree with petitioners as to the first contention but agree as to the second.  Because we reject the board's harmless error defense to the second contention by applying longstanding

1

precedent, we annul the board's decision and remand for further proceedings. Statutory references are to the Labor Code unless otherwise indicated.

## FACTUAL AND PROCEDURAL BACKGROUND

### I

*Pretrial*

At the end of July 2017, McClanahan claimed workers' compensation benefits for an alleged industrial injury to his right shoulder that occurred on July 25, 2017, while working at DPR. Petitioners' claims administrator denied the claim a few months later. The following year, McClanahan sought board adjudication of his claim. (§ 5500; Cal. Code Regs., tit. 8, § 10455.) Dr. Hanley was originally designated as the qualified medical evaluator and prepared two reports in that capacity in 2018 (the Hanley reports). He was later replaced as the qualified medical evaluator by Dr. Foglar and then by Dr. McGahan. After engaging in discovery, the parties participated in a mandatory settlement conference (§ 5502, subd. (d)), which was unsuccessful, so the matter was set for trial. The pretrial conference statement stipulated to Dr. McGahan as the qualified medical evaluator (§ 4062.2) and provided a list of exhibits, including reports by Dr. McGahan, but the Hanley reports were not included.

### II

*Trial*

At trial, McClanahan testified that his right shoulder was injured on the morning of July 25, 2017, while working for DPR (the 2017 injury). Specifically, he was "moving like 200 2-by-4s, 20-foot long, from one place to another" for four or five hours when the area between his shoulder and neck started to get stiff. He told his foreman that he couldn't lift anymore with his shoulder hurting, and when he got off a few hours later, he told his superintendent that his "shoulder up in [his] neck" was sore. The superintendent asked him if he wanted to make a report, but McClanahan declined because he didn't think it was that bad. But when McClanahan woke up the next day, his arm and shoulder

2

were stiff. He went to a doctor that night who advised taking a few days off work because his shoulder may be overworked. McClanahan reported this to DPR, but he did not see a workers' compensation doctor until August 10, 2017. In his view, DPR caused the delay.

Three DPR employees disagreed with McClanahan's account. Both the foreman and the superintendent stated that McClanahan did not report an injury to them on July 25, 2017. And the DPR safety manager who prepared the incident report testified that to his knowledge, McClanahan did not report an injury to anyone on July 25, 2017. DPR's evidence included the employee sign out sheet for July 25, 2017, that indicated McClanahan signed out at 3:00 p.m. and checked the box indicating he was not injured.[1] The safety manager also testified he made several attempts to take McClanahan to the workers' compensation clinic between July 27, 2017, and August 7, 2017, in accordance with DPR policy, but McClanahan never showed up.

In a deposition, McClanahan testified DPR was the first place he ever had right shoulder pain, but at trial he admitted he suffered an industrial injury below his right elbow in 2013, a few years before working for DPR (the 2013 injury), and felt pain in his right shoulder as a result. He also testified he never went to a doctor for right shoulder pain before July 2017, but medical records showed that he sought or obtained care for shoulder pain or strain several times between 2013 and 2015, had an MRI of his right shoulder in 2014, and was diagnosed with a right shoulder condition in 2015. The records also indicated that he sought treatment for impingement in the right shoulder after a tree branch fell on it in 2015, but McClanahan could not remember a tree ever falling on his shoulder.

---

[1] In a deposition, McClanahan denied checking this box.

Between August 2017 and October 2019, McClanahan saw several medical providers. According to three of those providers, McClanahan identified his injury as stemming from wearing a work harness, lifting heavy garbage bags, and lifting a heavy bar. When asked about these reports, McClanahan either denied or claimed he could not remember identifying those sources of injury.

According to Dr. McGahan's evaluation, McClanahan sustained "an industrial injury to his right shoulder arising out of and caused by the industrial exposure of July 25, 2017." Dr. McGahan found it clear that McClanahan had preexisting right shoulder pathology but concluded it was "medically probable that [McClanahan's] work duties on July 25, 2017, contributed to a worsening of his right shoulder pain." In a supplemental report, Dr. McGahan stated that if "McClanahan is not a credible witness, then this certainly would call into question the credibility of his claim. Under this circumstance, the incident of July 25, 2017, may simply represent an exacerbation of his prior industrial injury rather than aggravation."[2]

Over DPR's objection, the workers' compensation judge (WCJ) admitted the Hanley reports because DPR had received them before the mandatory settlement conference. In the first report, Dr. Hanley noted that some of McClanahan's providers were suspicious about the validity of his complaints. As to causation, Dr. Hanley emphasized that "all we have to go on at this point in time is [McClanahan's] history," which is consistent with something that could lead to an aggravation of an underlying degenerative tear of a rotator cuff. In a supplemental report, Dr. Hanley concluded the "red flags" in McClanahan's history were no longer of concern. Based on an 840-page

---

[2] In a deposition, Dr. McGahan testified that a temporary exacerbation is "an injury that occurs in the setting of a prior injury where the symptoms are temporarily worsened but then return to their preinjury level, causing no new impairment." (See *Guillen v. Horizon Health* (Oct. 22, 2013, No. ADJ4148705) 2013 Cal.Wrk.Comp. P.D. Lexis 550, *13 [employer not liable after temporary aggravation subsides].)

packet of records, he found that McClanahan "reported the symptomatology appropriately and consistently in the medical record." In his view, McClanahan "did indeed lift and carry a number of 20-foot 2x4s as described in the deposition" and "more than likely developed some discomfort and symptomatology from that activity."

III

*WCJ Ruling and Board Review*

In an eight-page opinion, the WCJ described the 2013 injury and the medical services McClanahan obtained between then and July 25, 2017. She then described the 2017 injury, the medical services McClanahan received pertaining to that injury, the Hanley reports, the deposition and reports by Dr. McGahan, and some of McClanahan's responses to inconsistencies in his accounts. Based on McClanahan's "credible testimony, the treatment records, and the findings by QME Dr. McGahan," the WCJ concluded that McClanahan sustained an injury to his right shoulder arising out of and in the course of employment on July 25, 2017.

DPR filed a petition for reconsideration, which the WCJ recommended denying. In her recommendation, the WCJ restated much of the evidence described in her opinion and added that McClanahan "appeared credible and consistent with the medical records overall." The board granted the petition "to allow sufficient opportunity to further study the factual and legal issues in the case." After reconsideration, the board affirmed the WCJ's determination in a two-to-one decision.

The affirming board members found that McClanahan erred by omitting the Hanley reports from the pretrial conference statement but concluded the error was harmless for two reasons: (1) the WCJ did not rely on the Hanley reports to find the industrial injury; and (2) the WCJ retains the discretion to determine if evidence should be admitted into the record as a matter of due process. As to McClanahan's credibility, the affirming board members gave the WCJ's credibility determination great weight because the WCJ had the opportunity to observe McClanahan's demeanor. The affirming

5

members acknowledged inconsistencies in the record but concluded that McClanahan addressed those inconsistencies and the WCJ found his testimony credible.

The dissenting board member opined that the error regarding the Hanley reports was fundamental to the proceedings, so the matter should be returned to the trial level for correction. Also, in his view, it was unclear whether the Hanley reports contributed to the WCJ's decision and the WCJ's credibility finding was not based on an adequate review and explanation of the record.

We granted DPR's petition for writ of review.

DISCUSSION

"The [b]oard is a court of limited jurisdiction authorized by the California Constitution to exercise a portion of the state's judicial power." (*Mayor v. Workers' Comp. Appeals Bd.* (2024) 104 Cal.App.5th 1297, 1304.) WCJs are empowered by the board to hear and decide cases, and their orders, findings, decisions, and awards are deemed to be those of the board. (*Ibid.*; Cal. Code Regs., tit. 8, § 10330.)

Anyone affected by a board order may file a petition for writ of review in the court of appeal. (§ 5950.) That review "is limited to determining whether the [b]oard acted 'without or in excess of its powers' and whether its decision was unreasonable, not supported by substantial evidence, or procured by fraud." (*Department of Corrections & Rehabilitation v. Workers' Comp. Appeals Bd.* (2018) 27 Cal.App.5th 607, 617; see § 5952.) If the board acts in excess of its powers, its decision may be annulled on judicial review. (*Telles Transport, Inc. v. Workers' Comp. Appeals Bd.* (2001) 92 Cal.App.4th 1159, 1163 (*Telles*).) We review the board's interpretation of its governing statutes de novo. (*Alvarez v. Workers' Comp. Appeals Bd.* (2010) 187 Cal.App.4th 575, 585.)

Here, petitioners contend the board acted in excess of its powers in two ways: (1) by failing to state the reasons for finding McClanahan credible under section 5313 and (2) by admitting reports that were not listed in the pretrial conference statement,

6

contrary to section 5502. As we explain, the first contention lacks merit, but the second is well taken.

I

*Section 5313*

Section 5313 requires the board or the WCJ to "make and file findings upon all facts involved in the controversy and an award, order, or decision stating the determination as to the rights of the parties." The parties must receive the findings and the decision, order, or award along with "a summary of the evidence received and relied upon," and "the reasons or grounds upon which the determination was made." (§ 5313; see also 5908.5 [board decision affirming WCJ must state evidence relied upon and specify the reason for the decision].) Petitioners contends the board failed to satisfy section 5313 by not specifying why it found McClanahan credible. We disagree.

Section 5313 requires findings on ultimate facts. (*Argonaut Ins. Exchange v. Industrial Accident Commission*. (1958) 49 Cal.2d 706, 712.) For example, a finding that an employee's injury arose out of and in the course of employment is sufficient. (*Walter v. Industrial Accident Commission* (1930) 209 Cal.636, 638.) And the mandate for the WCJ to provide the "reasons and grounds" relied upon was intended "to avoid careless and arbitrary action and to assist the reviewing court in meaningful judicial review by providing the court with the principles relied on . . . ." (*Twentieth Century-Fox Film Corp. v. Workers' Comp. Appeals Bd.* (1983) 141 Cal.App.3d 778, 784.)

Here, the WCJ found the ultimate fact that McClanahan sustained an industrial injury to his right shoulder on July 25, 2017. And the WCJ explained that this finding was based on McClanahan's testimony, the treatment records, and Dr. McGahan's findings, all of which the WCJ described in detail. The WCJ's explanation adequately provided the reasons and grounds upon which its ultimate determination of industrial injury was made, and the board affirmed that determination. We reject petitioners' view that section 5313 requires additional detail regarding credibility findings. (Compare

§ 5313 with Gov. Code, § 11425.50, subd. (b) [requiring identification of specific evidence of witness demeanor, manner, or attitude that supported credibility determination].)

Petitioners' reliance on *Bracken v. Workers' Comp. Appeals Bd.* (1989) 214 Cal.App.3d 246 is also misplaced. That case involved the board's rejection of a WCJ decision. (*Id*. at p. 253) According to *Bracken*, a WCJ finding of compensable injury supported by solid, credible evidence must be accorded great weight by the board and should be rejected only based on contrary evidence of considerable substantiality. (*Id*. at p. 256.) Here, the board found no evidence of considerable substantiality to reject the WCJ's determination and, as required by the law, expressly gave great weight to the WCJ's credibility determinations. (*Garza v. Workers' Comp. Appeals Bd.* (1970) 3 Cal.3d 312, 319.) *Bracken* does not support petitioners' position.

II

*Section 5502*

In workers' compensation proceedings, discovery closes on the date of the mandatory settlement conference. (*Telles, supra*, 92 Cal.App.4th at p. 1164; § 5502, subd. (d)(3).) If the claim is not resolved at the conference, the parties must file a pretrial conference statement noting the specific issues in dispute, listing the exhibits, and disclosing witnesses. (§ 5502, subd. (d)(3); Cal. Code Regs., tit. 8, § 10759, subd. (b).) Evidence not disclosed or obtained thereafter is not admissible unless the proponent can demonstrate it was not available or could not have been discovered by the exercise of due diligence before the settlement conference. (§ 5502, subd. (d)(3).) The purpose of this requirement is two-fold: (1) to "eliminate the element of surprise in workers' compensation proceedings" and (2) " ' " 'to guarantee a productive dialogue leading, if not to expeditious resolution of the whole dispute, to thorough and accurate framing of the stipulations and issues for hearing.' " ' " (*Telles,* at pp. 1164, 1167.) The board abuses its discretion when it relieves a party from the sanctions of section 5502 without

that party showing good cause.  (*San Bernardino Community Hospital v. Workers' Comp. Appeals Bd.* (1999) 74 Cal.App.4th 928, 938 (*San Bernardino*).)

Here, the WCJ admitted the Hanley reports even though those reports were not listed on the pretrial conference statement.  The board concedes this admission was not permitted by section 5502, but contends any error was harmless because the Hanley reports did not form the basis of the board's decision.  Applying longstanding precedent, we disagree that this error is reviewed for harmlessness.

Section 5502 establishes the "bounds of discretion in the [WCJ] for keeping discovery open after the mandatory settlement conference."  (*County of Sacramento v. Workers' Comp. Appeals Bd.* (1999) 68 Cal.App.4th 1429, 1433.)  "[D]isregard for the statutory procedural mechanisms for resolving workers' compensation cases is inappropriate."  (*Ibid*.)  Such disregard is not subject to harmless error analysis.  (*San Bernardino, supra*, 74 Cal.App.4th at p. 938.)

In *San Bernardino*, the WCJ allowed the employee to offer additional testimony through a witness not disclosed at the time of the mandatory settlement conference.  (*San Bernardino, supra*, 74 Cal.App.4th at p. 931.)  The court concluded that the board abused its discretion and annulled its decision.  (*Id*. at pp. 935, 938.)  In doing so, the court explicitly rejected the argument that the employer was not prejudiced because it was given additional time to prepare to meet the unexpected evidence.  (*Id*. at p. 938.)  According to the court, "the absence of prejudice cannot be the deciding factor" because "[a]n opposing party might often be unable to show specific prejudice" or the WCJ "could virtually always obviate any possible prejudice by granting a continuance or scheduling further hearings . . . [which] would threaten to make section 5502, subdivision (d)(3) meaningless."  (*Ibid*.; see also *Burtnett v. King* (1949) 33 Cal.2d 805, 807 ["where a statute requires a court to exercise its jurisdiction in a particular manner, follow a particular procedure, or subject to certain limitations, an act beyond those limits is in excess of its jurisdiction."])  We see no reason to depart from this precedent.  (See *Arentz*

9

*v. Blackshere* (1967) 248 Cal.App.2d 638, 640 [adopting rule from appellate court decision that "has stood without contradiction for seven years"]; *Wolfe v. Dublin Unified School Dist.* (1997) 56 Cal.App.4th 126, 137 ["we ordinarily follow the decisions of other districts without good reason to disagree"].)

DISPOSITION

The board's decision is annulled.  The matter is remanded to the board for reconsideration without reference to the Hanley reports.  Petitioners shall recover their costs in pursuing this petition.  (Cal. Rules of Court, rule 8.493(a)(1)(A).)

/s/
MESIWALA, J.

We concur:

/s/
BOULWARE EURIE, Acting P. J.

/s/
WISEMAN, J.[*]

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 6/11/25

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

----

| | |
|---|---|
| DPR CONSTRUCTION et al., | C102117 |
| Petitioners, | (WCAB Case No. ADJ11348013) |
| v. | |
| WORKERS' COMPENSATION APPEALS BOARD and ALONZO McCLANAHAN, | ORDER CERTIFYING OPINION FOR PUBLICATION |
| Respondents. | |

ORIGINAL PROCEEDINGS from a judgment of the Workers' Compensation Appeals Board. Annulled.

Lenahan, Slater, Pearse & Majernik and Tyler A. Sonksen for Petitioners.

Eric D. Ledger for Respondent Workers' Compensation Appeals Board.

No appearance for Respondent Alonzo McClanahan.

1

THE COURT:

The opinion in the above-entitled matter filed on May 16, 2025, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.


　　　　　　　　　　　　　　　　　　　　　　　 /s/
　　　　　　　　　　　　　　　　　　　　　　　 Mesiwala, J.



We concur:



 /s/
Boulware Eurie, Acting P. J.



 /s/
Wiseman, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.